J-S03028-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ERIC ELROD | |
| Appellant | No. 1758 EDA 2014 |

Appeal from the Judgment of Sentence May 16, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0000057-2011

BEFORE: FORD ELLIOTT, P.J.E., PANELLA, J., and OTT, J.

MEMORANDUM BY PANELLA, J. **FILED APRIL 07, 2015**

Appellant, Eric Elrod, appeals from the judgment of sentence entered May 16, 2014, in the Court of Common Pleas of Philadelphia County. Additionally, Elrod's court-appointed counsel, Bobby Ochoa III, Esquire, has filed an application to withdraw as counsel pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). After careful review, we affirm Elrod's judgment of sentence and grant counsel's petition to withdraw.

On February 12, 2014, Elrod entered a negotiated *nolo contendere* plea to indecent assault of a person less than 13 years of age[1] and

_____

[1] 18 Pa.C.S.A. § 3126.

corruption of minors.[2]  At the plea hearing, the Commonwealth set forth the facts underlying the plea as follows.

> Your Honor, had this matter gone to trial the Commonwealth would have proven beyond a reasonable doubt that between the dates of October 1, 2009 and January of 2010 on diverse dates the defendant did place his hand on the private area of the complainant who is [S.C.T.] who was at the time ten years old. Her date of birth is September 26, '99.  That touching was over the clothing. … It occurred on at least three occasions.

Plea Hearing, 2/12/14 at 10.  Pursuant to the agreement, the trial court sentenced Elrod to one and one-half to three years' imprisonment for corruption of minors.  Following a hearing, Elrod was determined to be a sexually violent predator, and the trial court sentenced him to a consecutive seven years' probation for indecent assault.  This timely appeal followed.

Preliminarily, we note that Attorney Ochoa has requested to withdraw and has submitted an **Anders** brief in support thereof contending that Elrod's appeal is frivolous.  The Pennsylvania Supreme Court has articulated the procedure to be followed when court-appointed counsel seeks to withdraw from representing an appellant on direct appeal.

> [I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel arguably believes supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of

---

[2] 18 Pa.C.S.A. § 6301.

record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Commonwealth v. Santiago***, 978 A.2d 349, 361 (Pa. 2009).

We note that Attorney Ochoa has substantially complied with all of the requirements of ***Anders*** as articulated in ***Santiago***. Additionally, Attorney Ochoa confirms that he sent a copy of the ***Anders*** brief as well as a letter explaining to Elrod that he has the right to proceed *pro se* or the right to retain new counsel. A copy of the letter is appended to Attorney Ochoa's petition. ***See Commonwealth v. Daniels***, 999 A.2d 590, 594 (Pa. Super. 2010); ***Commonwealth v. Millisock***, 873 A.2d 748, 749 (Pa. Super. 2005).

We now proceed to examine the issues counsel set forth in the ***Anders*** brief.[3] Elrod first contends that the trial court imposed an illegal sentence. It is well-established that "[i]f no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction." ***Commonwealth v. Cardwell***, 105 A.3d 748, 750 (Pa. Super. 2014) (citation omitted). "An illegal sentence must be vacated." ***Id.*** "Issues relating to the legality of a sentence are questions of law[.] ... Our standard of review over such questions is *de novo* and our scope of review is plenary." ***Id***. (citation omitted).

---

[3] Elrod has not filed a response to Attorney Ochoa's petition to withdraw.

We find no indication that the trial court imposed an illegal sentence. Elrod entered a *nolo contendere* plea to indecent assault, a felony of the third degree and corruption of minors, a misdemeanor of the first degree. **See** 18 Pa.C.S.A. §§ 3126(b)(3) and 6301(a)(1)(i), respectively. A third-degree felony carries a maximum term of imprisonment of seven years; a first-degree misdemeanor carries a maximum term of imprisonment of five years. **See** 18 Pa.C.S.A. § 1103(3) and 18 Pa.C.S.A. § 1104(1), respectively. As previously noted, the trial court sentenced Elrod to one and one-half to three years' imprisonment for corruption of minors a consecutive term of seven years' probation for indecent assault. These sentences fall squarely within the standard range and clearly do not exceed the statutory maximum permitted for the crimes committed. We therefore concur with counsel's assessment that a challenge to the legality of the sentence imposed is indeed frivolous.

Elrod next maintains that his negotiated *nolo contendere* was involuntarily, unknowingly or unintelligently entered. A review of the record, however, reveals that Elrod did not challenge his *nolo contendere* plea either at sentencing or in a post-sentence motion. As such, we are constrained to find that Elrod has waived this issue on appeal. **See** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."); **Commonwealth v. Tareila**, 895 A.2d 1266, 1270 n.3 (Pa. Super. 2006) ("Where an appellant fails to challenge his guilty plea in the trial court, he may not do so on appeal.").

Finally, Elrod purports to challenge trial counsel's effectiveness. Apart from two limited exceptions not pertinent here, claims of ineffective assistance of counsel cannot be raised on direct review. ***See Commonwealth v. Holmes***, 79 A.3d 562, 563 (Pa. 2013). Accordingly, Elrod cannot raise this claim on direct review; this issue of ineffectiveness of trial counsel must await collateral review.

After examining the issues contained in the ***Anders*** brief and after undertaking our independent review of the record, we concur with counsel's assessment that the appeal is wholly frivolous.

Judgment of sentence affirmed. Permission to withdraw as counsel is granted. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/7/2015

- 5 -