J-S24027-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| REGINALD JONES, | |
| Appellant | No. 2841 EDA 2014 |

Appeal from the Judgment of Sentence entered September 8, 2014,
in the Court of Common Pleas of Delaware County,
Criminal Division, at No(s): CP-23-CR-0003362-2013

BEFORE:  GANTMAN, P.J., ALLEN, and MUSMANNO, JJ.

MEMORANDUM BY ALLEN, J.:                              **FILED APRIL 08, 2015**

Reginald Jones, ("Appellant"), appeals from the judgment of sentence imposed after he pled guilty to terroristic threats and possession of an instrument of crime.[1]  Appellant's appointed counsel seeks to withdraw, citing **Anders v. California**, 386 U.S. 738 (1967) and **Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981).  We affirm the judgment of sentence and grant counsel's petition to withdraw.

The facts are as follows:  On April 10, 2013, officers from the Upper Darby Township Police Department responded to a report of "criminal mischief" at 7134 Clover Lane, Upper Darby, Pennsylvania.  Affidavit of Probable Cause, 4/11/13.  When the officers arrived, a woman reported that

_____

[1] 18 Pa.C.S.A. §§ 2706(a)(1) and 907(a).

Appellant, her ex-boyfriend, had thrown a rock through her front window, and threatened through text messages and phone calls to harm her. ***Id.*** Appellant was subsequently arrested and charged with the aforementioned crimes.

On September 8, 2014, Appellant entered into a negotiated guilty plea, and that same day, the trial court sentenced him to an aggregate sentence of nine to twenty-three months of imprisonment, plus a consecutive three years of probation. Counsel for Appellant did not file a post-sentence motion on Appellant's behalf. However, on September 24, 2014, Appellant filed an untimely *pro se* letter requesting modification of his sentence, which the trial court denied on September 25, 2014.

Appellant filed a timely appeal on October 7, 2014. On October 15, 2014, the trial court directed Appellant to file a concise statement of errors complained of on appeal, and on November 5, 2014, Appellant's counsel filed a notice of intent to file an ***Anders*** brief pursuant to Pa.R.A.P. 1925(c)(4). On November 26, 2014, the trial court issued a statement in lieu of opinion pursuant to Pa.R.A.P. 1925.

Appellant presents a single issue for our review:

> *Whether Appellant's sentence should be vacated because the Trial Court failed to inform Appellant of the legal standard to be invoked if Appellant chose to withdraw his plea?*

***Anders*** Brief at 3 (italics in original).

Preliminarily, we note that Appellant's counsel has filed a brief pursuant to *Anders* and its Pennsylvania counterpart, *McClendon*. *See Anders*, 386 U.S. 738; *McClendon*, 434 A.2d at 1187. Where an *Anders/McClendon* brief has been presented, our standard of review requires counsel seeking permission to withdraw pursuant to *Anders* to: (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record it has been determined that the appeal would be frivolous; (2) file a brief referring to anything that might arguably support the appeal, but which does not resemble a "no merit" letter or amicus curiae brief; and (3) furnish a copy of the brief to the defendant and advise him of his right to retain new counsel or raise any additional points that he deems worthy of the court's attention. *Commonwealth v. McBride*, 957 A.2d 752, 756 (Pa. Super. 2008). Counsel is required to submit to this Court "a copy of any letter used by counsel to advise the appellant of the rights associated with the *Anders* process." *Commonwealth v. Woods*, 939 A.2d 896, 900 (Pa. Super. 2007). Pursuant to *Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009), appellant's counsel must state in the *Anders* brief the reasons for concluding that the appeal is frivolous. If these requirements are met, this Court may then review the record to determine whether we agree with counsel's assessment that the appeal is frivolous.

In the instant case, by letter dated January 16, 2015, Appellant's counsel notified Appellant of his intent to file an *Anders* brief and petition to

- 3 -

withdraw with this Court, and informed Appellant of his rights to retain new counsel and raise additional issues. That same day, Appellant's counsel filed an appropriate petition seeking leave to withdraw. Finally, Appellant's counsel has submitted an **Anders** brief to this Court, with a copy provided to Appellant. Accordingly, the technical requirements of **Anders** have been met. We will therefore conduct an independent examination of the issue set forth in the **Anders** brief to determine if is frivolous and whether counsel should be permitted to withdraw.

"Generally, a plea of guilty amounts to a waiver of all defects and defenses except those concerning the jurisdiction of the court, the legality of the sentence, and the validity of the guilty plea." **Commonwealth v. Reichle**, 589 A.2d 1140, 1141 (Pa. Super. 1991). Here, Appellant challenges the validity of his guilty plea on the basis that the trial court failed to inform him of the standard that would apply to a petition to withdraw the plea. However, Appellant failed to preserve this claim at sentencing or in a post-sentence motion. This Court has made clear:

> Issues not raised in the lower court are waived and cannot be raised for the first time on appeal. Pa.R.A.P. 302(a), 42 Pa.C.S.A. Where an appellant fails to challenge his guilty plea in the trial court, he may not do so on appeal. In order to preserve an issue related to the guilty plea, an appellant must either object[ ] at the sentence colloquy or otherwise rais[e] the issue at the sentencing hearing or through a post-sentence motion.

**Commonwealth v. Tareila**, 895 A.2d 1266, 1270, n.3. (Pa. Super. 2006). Appellant's claim is therefore waived.

Nonetheless, because Appellant's counsel has filed an **Anders** brief, we are required to independently review the record to determine whether the issue identified by Appellant is, as counsel claims, wholly frivolous, or if there are any other meritorious issues present in this case. **Santiago**, 978 A.2d at 354. Upon review, we conclude that Appellant's claim that he was not apprised of the standard for withdrawal of a guilty plea does not merit relief. We additionally discern no other issues of arguable merit that would support Appellant's appeal.

Recently, this Court explained, "If the colloquy properly informs the defendant of the rights he is waiving by virtue of the plea, and the defendant knows his sentence, the guilty plea is not involuntary or unknowing simply because the court failed to inform the defendant beforehand of the standard that would apply to a petition to withdraw the plea." **Commonwealth v. Prendes**, 97 A.3d 337, 352 (Pa. Super. 2014) (citations omitted). The record reflects that during the guilty plea colloquy, the trial court appropriately informed Appellant of the rights that he was waiving by pleading guilty, and informed Appellant of the potential sentence he could face. N.T., 9/8/14, at 6-12. The trial court also questioned Appellant regarding his "six page Guilty Plea Statement", which included Appellant's post-sentence rights. **Id**. at 10-11. Appellant testified that he reviewed the statement with counsel, initialed each paragraph, signed the statement of post-sentence rights, and understood his rights. **Id**. Our review indicates that the trial court's failure to inform Appellant of the standard applicable to

a petition for withdrawal of his plea does not render his plea involuntary or unknowing. This claim fails. In addition, our review reveals no other issues of arguable merit. Accordingly, we affirm the judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Counsel's petition to withdraw granted.


Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/8/2015