J-S60042-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| SHAWN EMMENS | |
| Appellant | No. 1120 EDA 2015 |

Appeal from the Judgment of Sentence March 9, 2015
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0003999-2014

BEFORE:  BENDER, P.J.E., LAZARUS, J., and OTT, J.

MEMORANDUM BY OTT, J.:                    **FILED NOVEMBER 13, 2015**

Shawn Emmens appeals the judgment of sentence entered March 9, 2015, in the Delaware County Court of Common Pleas.  The trial court imposed a sentence of time served to 23 months' imprisonment, after Emmens entered a plea of *nolo contendere* to one count of possession with intent to deliver marijuana.[1]  Contemporaneous with this appeal, Emmens' counsel has filed a petition to withdraw from representation and an **Anders** brief.  **See Anders v. California**, 386 U.S. 738 (1967); **Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981). The **Anders** brief identifies one issue for our review, that is, whether Emmens' plea of *nolo contendere* was

---

[1] 35 P.S. 780-113(a)(30).

entered knowingly and voluntarily. For the reasons that follow, we affirm the judgment of sentence and grant counsel's petition to withdraw.

The facts underlying Emmens' arrest are gleaned from the probable cause affidavit attached to Emmens' criminal complaint. *See* Criminal Complaint, 5/13/2013, Probable Cause Affidavit, at 1. On May 10, 2013, members of both the Chester Police Department Narcotic/Vice Intelligence Unit and the Unifomed Narcotic Strike Force Team were conducting surveillance in the area of West 10th Street and Pine Lane in Chester, Pennsylvania. At approximately 3:41 p.m., Officer C. Butcher observed a black female approach a black male, later identified as Emmens, who was loitering in front of a store on Keystone Road. The officer observed the two engage in a short conversation, and then walk towards an alley at the rear of the 900 block of Clover Lane. Emmens walked into the alley, and out of Officer Butcher's view, while the female remained on the street. Emmens returned shortly thereafter, and handed the female several small, dark colored items. In exchange, the female handed Emmens paper currency. Officer Butcher then radioed for assistance to stop the female, who was leaving the area.

Captain Joseph Massi stopped the female based on the description provided by Officer Butcher. During an ensuing pat down search, Captain Massi recovered five clear plastic baggies each containing what was later determined to be marijuana. Another officer stopped Emmens and performed a pat down search, which uncovered $340.00 in cash.

- 2 -

Emmens was subsequently charged with possession with intent to deliver marijuana, possession of marijuana,[2] and possession of drug paraphernalia.[3] On March 9, 2015, he entered a negotiated plea of *nolo contendere* to one count of possession with intent to deliver marijuana, in exchange for which the Commonwealth dismissed the remaining charges, and recommended a sentence of time served to 23 months' incarceration.[4] After accepting the plea, the trial court imposed the recommended sentence. This timely appeal followed.[5]

When counsel files a petition to withdraw and accompanying **Anders** brief, we must first examine the request to withdraw before addressing any of the substantive issues raised on appeal. **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*). Here, our review of the record reveals counsel has complied with the requirements for withdrawal outlined in **Anders**, **supra**, and its progeny. Specifically, counsel filed a

---

[2] 35 P.S. § 780-113(a)(16).

[3] 35 P.S. § 780-113(a)(32).

[4] The Commonwealth explained at the plea hearing that Emmens was to receive credit for his time served from January 29, 2015 to March 9, 2015. N.T., 3/9/2015, at 3.

[5] On April 14, 2015, the trial court ordered Emmens to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On May 1, 2015, counsel complied with the court's directive by serving the trial court with a statement of his intent to file an **Anders** brief pursuant to Pa.R.A.P. 1925(c)(4).

petition for leave to withdraw, in which he states his belief that the appeal is frivolous, filed an **Anders** brief pursuant to the dictates of **Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2009), furnished a copy of the **Anders** brief to Emmens and advised Emmens of his right to retain new counsel or proceed *pro se*. **Commonwealth v. Cartrette**, 83 A.3d 1030, 1032 (Pa. Super. 2013) (*en banc*). Moreover, our review of the record reveals no additional correspondence from Emmens. Accordingly, we will proceed to examine the record and make an independent determination of whether the appeal is wholly frivolous.

The sole issue identified in counsel's **Anders** brief is a challenge to the voluntariness of Emmens' *nolo contendere* plea based on an abbreviated oral plea colloquy.[6] Anders' Brief at 3.

Preliminarily, we note that:

> A defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing. Pa.R.Crim.P. 720(A)(1), (B)(1)(a)(i). Failure to employ either measure results in waiver. **Commonwealth v. Tareila**, 895 A.2d 1266, 1270 n. 3 (Pa.Super.2006).

---

[6] "[I]n terms of its effect upon a case, a plea of *nolo contendere* is treated the same as a guilty plea." **Commonwealth v. Lewis**, 791 A.2d 1227, 1230 (Pa. Super. 2002) (citation omitted), *appeal denied*, 806 A.2d 859 (Pa. 2002).

*Commonwealth v. Lincoln*, 72 A.3d 606, 609-610 (Pa. Super. 2013), *appeal denied*, 87 A.3d 319 (Pa. 2014). Here, Emmens neither objected to the plea colloquy during the hearing, nor filed a post-sentence motion to withdraw his plea. Therefore, his challenge is now waived.

Moreover, even if we were to find that Emmens' claim is preserved for our review, we would conclude he is entitled to no relief. As counsel aptly notes, the oral colloquy conducted by the trial court in this case was "sparse to say the least[.]" *Anders* Brief at 3. Nevertheless, Emmens completed a detailed written colloquy prior to the hearing, which was referred to during the plea hearing and is included in the certified record.[7] "[A] written plea colloquy that is read, completed and signed by the defendant and made part of the record may serve as the defendant's plea colloquy when supplemented by an oral, on-the-record examination." *Commonwealth v. Reid*, 117 A.3d 777, 782 (Pa. Super. 2015).

This Court has explained:

> "[A] plea of guilty will not be deemed invalid if the circumstances surrounding the entry of the plea disclose that the defendant had a full understanding of the nature and consequences of his plea and that he knowingly and voluntarily decided to enter the plea." "Our law presumes that a defendant who enters a guilty plea was aware of what he was doing. He bears the burden of proving otherwise." The entry of a negotiated plea is a "strong indicator" of the voluntariness of the plea.

*Id.* (internal citations omitted).

---

[7] *See* Guilty Plea Statement, 3/17/2015.

In the present case, the "circumstances surrounding the entry of the plea" indicate that Emmens' decision to plead *nolo contendere* was voluntary.  ***Id.***  Emmens' attorney stipulated to the facts in the affidavit of probable cause and the laboratory reports submitted by the Commonwealth. N.T., 3/9/2015, at 4.   Emmens acknowledged to the court that he had completed a detailed written plea statement, and was given sufficient time to review the statement with his attorney.  ***Id.*** at 4-5. Further, before the court accepted the plea, Emmens asked for a moment to speak with his attorney, and was given the opportunity to do so.  ***Id.*** at 6.  Finally, we note that the negotiated agreement was very favorable to Emmens, as he was sentenced in the mitigated range of the guidelines to time served.  ***See*** Guideline Sentence Form, 3/9/2015.

Because we agree with counsel's assessment that Emmens' appeal is frivolous, we affirm the judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed.   Petition to withdraw as counsel granted.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/13/2015