COMMONWEALTH of Pennsylvania,
Appellee,

v.

Michael TAREILA, Appellant.

Superior Court of Pennsylvania.

Submitted Feb. 6, 2006.

Filed March 21, 2006.

Thomas J. Wagner, West Chester, for appellant.

Nicholas J. Casenta, Asst. Dist. Atty., West Chester, for Com., appellee.

BEFORE: FORD ELLIOTT, P.J., ORIE MELVIN and JOHNSON, JJ.

OPINION BY ORIE MELVIN, J.:

¶ 1 Appellant, Michael Tareila, appeals from the judgment of sentence entered following his negotiated guilty plea to one count of driving under the influence of alcohol (DUI), fleeing or attempting to elude police officer, and driving while operating privilege is suspended or revoked.[1]

---

1. 75 Pa.C.S.A. §§ 3802(a)(1), 3733(a), and 1543(b), respectively.

On appeal, Appellant challenges the legality of his sentence. For the reasons that follow, we vacate the judgment of sentence and remand for resentencing.

¶ 2 The facts and procedural history may be summarized as follows. On July 31, 2004, Appellant was arrested and charged with DUI, fleeing or attempting to elude police officer, and driving while operating privilege is suspended or revoked and other related offenses. At the time of the traffic stop, Appellant refused to submit to a blood or breath test. On April 4, 2005, Appellant entered into a negotiated guilty plea to the above mentioned charges where he admitted to driving under the influence, refusing a chemical test, and having one prior DUI conviction.[2] In exchange for the plea, the Commonwealth recommended a sentence of 11½ to 23 months' imprisonment on the DUI charge. At that time, the parties believed that the DUI offense, which was Appellant's second in ten years, was graded as a misdemeanor of the first degree and carried a statutory maximum sentence of five years. Appellant was then immediately sentenced to 11½ to 23 months on the DUI charge, plus a $1,500 fine and costs of prosecution. He was also ordered to attend alcohol highway safety school, submit to a CRN evaluation, and have a drug and alcohol evaluation. Appellant was also sentenced to 5 to 10 months' imprisonment for fleeing or attempting to elude police officer and 90 days' imprisonment for driving while operating privileges suspended or revoked. Both sentences were to be served concurrently to the sentence imposed on the DUI. No post-sentence motions were filed. On May 4, 2005, Appellant filed a notice of appeal. On May 5, 2005, the trial court entered an order directing Appellant to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b). On May 18, 2005, Appellant com-

plied, and the trial court filed an opinion on June 25, 2005.

¶ 3 Appellant presents three questions for our review:

1. Whether the trial court imposed an illegal sentence when it imposed a sentence of 11½ to 23 months for a conviction of a second offense driving under the influence, 75 Pa.C.S.A. § 3802(a), which is graded as an ungraded misdemeanor and carries a maximum sentence of 6 months?

2. Whether the guilty plea was knowingly and voluntarily entered where the guilty plea colloquy indicated that the second offense driving under the influence under 75 Pa.C.S.A. § 3802(a) was a misdemeanor one and the agreed sentence was 11½ to 23 months when in fact the grading was [an] ungraded misdemeanor with a maximum sentence of 6 months?

3. Whether the plea was unknowing and involuntary where Appellant admitted to the fact of refusal when as a matter of law he did not refuse since the police officer failed to comply with 75 Pa.C.S.A. § 1547(b)(2)(ii)?

Appellant's brief at 4.

¶ 4 The entry of a guilty plea constitutes a waiver of all defects and defenses except lack of jurisdiction, invalidity of the plea, and illegality of the sentence. *Commonwealth v. Messmer*, 863 A.2d 567, 571 (Pa.Super.2004). Here, Appellant challenges the legality of sentence. "An illegal sentence is one that exceeds the statutory limits." *Commonwealth v. Berry*, 877 A.2d 479, 482 (Pa.Super.2005). "In evaluating a trial court's application of a statute, our standard of review is plenary and is limited to determining whether the

---

**2.** The written guilty plea colloquy has not been included in the certified record.

trial court committed an error of law." *Commonwealth v. Stevenson,* 850 A.2d 1268, 1271 (Pa.Super.2004).

¶ 5 Appellant argues that his sentence of 11½ to 23 months constitutes an illegal sentence. He contends that at the time he committed the DUI offense, 75 Pa.C.S.A. § 3803(a)(1) graded all second offense DUI's as misdemeanors with a statutory maximum of six months' imprisonment. He maintains that the trial court erred in relying upon § 3804(c)(2)(i) to conclude that the offense carried a statutory maximum of five years.

¶ 6 At the time of the offense, § 3803 provided in pertinent part:

§ 3803. **Grading**

(a) **Basic offenses.—**

(1) An individual who violates section 3802(a) (relating to driving under influence of alcohol or controlled substance) and has not more than one prior offense commits a misdemeanor for which the individual may be sentenced to a term of imprisonment of not more than six months and to pay a fine under section 3804 (relating to penalties).

(b) **Other offenses.—**

(1) An individual who violates section 3802(b), (e) or (f) and who has no more than one prior offense commits a misdemeanor for which the individual may be sentenced to a term of imprisonment of not more than six months and to pay a fine under section 3804.

(2) An individual who violates section 3802(c) or (d) and who has no prior offenses commits a misdemeanor for which the individual may be sentenced to a term of imprisonment of not more than six months and to pay a fine under section 3804.

(3) An individual who violates section 3802(b), (e), or (f) and who has more

than one prior offense commits a misdemeanor of the first degree.

(4) An individual who violates section 3802(c) or (d) and who has one or more prior offenses commits a misdemeanor of the first degree.

75 Pa.C.S.A. § 3803. It is noteworthy that § 3803(b) makes no reference to the grading of offenses for an offender who refused to submit to a blood or breath test and had one or more prior offenses.

¶ 7 Section 3803 was subsequently amended effective November 29, 2004. In § 3803(a), the legislature added the clause "[n]otwithstanding the provisions of subsection (b)". Additionally, in subsection (b)(4), the legislature added, "An individual who violates § 3802(a)(1) **where the individual refused testing of blood or breath,** or who violates section 3802(c) or (d) **and who has one or more prior offenses** commits a **misdemeanor of the first degree.**" § 75 Pa.C.S.A. § 3803(b)(4) (emphasis added). *See* Act of November 29, 2004, P.L. 1369, No. 177, § 2.

¶ 8 At the time of the offense, § 3804 provided in pertinent part:

§ 3804. **Penalties**

\* \* \* \*

(c) **Incapacity; highest blood alcohol; controlled substances.—**An individual who violates section 3802(a)(1) and refused testing of blood or breath or an individual who violates section 3802(c) or (d) shall be sentenced as follows:

(1) For a first offense, to:

(i) undergo imprisonment of not less than 72 hours;

\* \* \* \*

(2) For a second offense, to:

(i) undergo imprisonment **of not less than 90 days nor more than five years;**

(ii) pay a fine of not less than $1,500;

(iii) attend an alcohol safety school approved by the department; and

(iv) comply with all drug and alcohol treatment requirements imposed under section 3814 and 3815.

(3) For a third or subsequent offense, to:

(i) undergo imprisonment for not less than one year;

\* \* \* \*

75 Pa.C.S.A. § 3804.

¶ 9 Section 3804(c)(2)(i) was also amended effective November 29, 2004 by deleting "nor more than five years" following "90 days." *See* Act of November 29, 2004, P.L. 1369, No. 177, § 2.

¶ 10 The parties and the sentencing court agree that the pre-amended versions of both statutes apply in this matter. The sentencing court, however, did not base the sentence of 11½ to 23 months' imprisonment on § 3803(a), which provided for an ungraded misdemeanor carrying no more than a six month sentence. Instead, it solely relied on § 3804(c)(2)(i), which provided for a second time DUI offender who refused testing to undergo imprisonment of "not less than 90 days nor more than five years." 75 Pa.C.S.A. § 3804(c)(2)(i). The sentencing court relied on the phrase "nor more than five years" to conclude that Appellant's sentence fell within the statutory limits. *See* Trial Court Opinion, 6/23/05, at 3–4.

¶ 11 In order to determine the relationship between the two provisions, we find that a review of the general principles of statutory construction is appropriate. When construing a statute, our objective is to ascertain and effectuate the legislative intent. 1 Pa.C.S.A. § 1921(a). "In pursuing that end, we are mindful that 'when the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of

pursuing its spirit.'" *Commonwealth v. Shiffler*, 583 Pa. 478, 484, 879 A.2d 185, 189 (2005) (citing 1 Pa.C.S.A. § 1921(b)). "Indeed, 'as a general rule, the best indication of legislative intent is the plain language of a statute.'" *Id.* at 484–485, 879 A.2d at 189. "Moreover, while statutes generally should be construed liberally, penal statutes are always to be construed strictly, 1 Pa.C.S.[A.] § 1928(b)(1), and any ambiguity in a penal statute should be interpreted in favor of the defendant." *Id.* Additionally, when construing a statute, we must begin with a presumption that the General Assembly intends the entire statute to be effective and certain. 1 Pa. C.S.A. § 1922(2).

¶ 12 At the outset, we recognize that the Commonwealth concedes that the sentence imposed is illegal and requests the case be remanded for resentencing. Upon review, we agree with the Commonwealth's analysis. The penalties contained in § 3804(c) apply to three types of offenders: (1) those offenders who violate § 3802(a)(related to general impairment) and refuse chemical testing; (2) those offenders who violate § 3802(c) (related to highest rate of alcohol); (3) and those offenders who violate § 3802(d) (related to controlled substances). This subsection also establishes penalties for first, second, and third time offenders.

¶ 13 In contrast, § 3803(a) does not provide for a grading under the first type of offender who violates § 3802(a) and refuses chemical testing. Instead, § 3803(a) only generally provides that an offender who violates § 3802(a) and has not more than one prior offense is subject to an ungraded misdemeanor for which the sentence imposed is no more than 6 months' imprisonment. However, § 3803(b)(4) provides a grading for the second and third type of offenders who violate § 3802(c) or 3802(d) and have one or more

prior offenses. Specifically, such an offender commits a misdemeanor of the first degree, which carries a 5 year statutory maximum. Therefore, we could interpret the provision, "no more than five years" in § 3804(c)(2)(i) to contemplate second time offenders who have violated § 3802(c) or (d).

¶ 14 Additionally, our review of § 3804(c) contains no language that indicates any intent to change the grading and maximum sentence as set forth in § 3803(a). Contrary to the sentencing court, we do not interpret the phrase, "nor more than five years" contained in § 3804(c)(2)(i) to permit a statutory maximum of five years for the offense in question.

 ¶ 15 Therefore, under the pre-amended version of § 3803(a), we find that Appellant's offense should have been treated as an ungraded misdemeanor carrying a maximum sentence of 6 months. Therefore, his sentence of 11½ to 23 months was illegal because it exceeded the statutory limits. Thus, we vacate the judgment of sentence. In so doing, we have disturbed the court's overall sentencing scheme. Accordingly, we remand the matter for resentencing. *See Commonwealth v. Williams,* 871 A.2d 254, 266 (Pa.Super.2005) (finding if a trial court errs in its sentence on one count in a multi-count case, then all sentences for all counts will be vacated so that the court can restructure its entire sentencing scheme.) (citations omitted).[3]

---

**3.** We recognize that Appellant's remaining claims are waived because Appellant failed to file a post-sentence motion seeking to withdraw his guilty plea. "Issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa. R.A.P. 302(a), 42 Pa.C.S.A. Where an appellant fails to challenge his guilty plea in the trial court, he may not do so on appeal.

¶ 16 Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

*Commonwealth v. Watson,* 835 A.2d 786, 791 (Pa.Super.2003). In order to preserve an issue related to the guilty plea, an appellant must either "object[ ] at the sentence colloquy or otherwise rais[e] the issue at the sentencing hearing or through a post-sentence motion." *Commonwealth v. D'Collanfield,* 805 A.2d 1244, 1246 (Pa.Super.2002).