J-A26039-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAMESON BRADLEY FITZGERALD | |
| Appellant | No. 2074 MDA 2013 |

Appeal from the Judgment of Sentence November 5, 2013
In the Court of Common Pleas of Franklin County
Criminal Division at No(s): CP-28-CR-0002089-2013

BEFORE:  BOWES, J., MUNDY, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                **FILED NOVEMBER 12, 2014**

In this direct appeal, Jameson Fitzgerald attempts to challenge a guilty plea that he entered to retail theft.  We conclude that Fitzgerald has waived his right to challenge his guilty plea by (1) failing to make any challenge during his guilty plea hearing and then (2) withdrawing his post-sentence motions before the trial court ruled on them.   Accordingly, we affirm.

Fitzgerald was charged with ten counts of retail theft and one charge of possession of a controlled substance and drug paraphernalia.   On November 5, 2013, he waived his preliminary hearing on all charges and pled guilty to one count of retail theft.  All other charges were dismissed.  He made no objections of any kind during his guilty plea hearing.

On November 15, 2013, defendant filed post-sentence motions seeking leave to withdraw his guilty plea on three grounds: first, his plea was not knowing or intelligent; second, the "Early Accountability Program" ("EAP") under which he entered his plea precluded his right to meaningful constitutional representation; and third, the EAP operates under rules of criminal procedure that are not authorized by the Pennsylvania Supreme Court.

On November 20, 2013, Fitzgerald filed a praecipe to withdraw his post-sentence motions. On the same date, he appealed his judgment of sentence to this Court.

A defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing. Pa.R.Crim.P. 720(A)(1), (B)(1)(a)(i). Failure to employ either measure results in waiver. ***Commonwealth v. Tareila***, 895 A.2d 1266, 1270 n. 3 (Pa.Super.2006). Pennsylvania courts enforce this principle because "[i]t is for the court which accepted the plea to consider and correct, in the first instance, any error which may have been committed." ***Commonwealth v. Roberts***, 352 A.2d 140, 141 (Pa.Super.1975) (tactic of attacking guilty plea on direct appeal without first filing petition to withdraw plea in trial court constitutes waiver, because "(t)he swift and orderly administration of criminal justice requires that lower courts be given the opportunity to rectify their errors before they

are considered on appeal," and "strict adherence to this procedure could, indeed, preclude an otherwise costly, time consuming, and unnecessary appeal to this court"). **_See also Commonwealth v. Lincoln_**, 72 A.3d 606 (Pa.Super.2013) (collecting cases and affirming judgment of sentence due to appellant's failure to file post-sentence motions challenging voluntariness of guilty plea and failure to object to guilty plea during guilty plea hearing).

In view of these decisions, we consider the technique of filing a motion to withdraw a guilty plea but then withdrawing the motion several days later tantamount to filing no motion at all, because the withdrawal of the motion deprives the trial court of any opportunity to rectify its alleged errors before an appeal. For this reason, we hold that Fitzgerald has waived his challenge to his guilty plea.

Fitzgerald attempts to evade waiver by arguing that his challenge to his guilty plea involves a non-waivable jurisdictional defect. He contends that the trial court's failure to obtain the Supreme Court's approval of local rules underlying the EAP program deprives the trial court of jurisdiction to impose EAP sentences or accept EAP guilty pleas. Procedural intricacies such as these do not amount to jurisdictional defects. The trial court clearly had jurisdiction to adjudicate retail theft and drug possession charges. The question whether the court used the wrong procedural mechanism to address these charges does not amount to a jurisdictional defect. **Cf. _Commonwealth v. Hatchin_**, 709 A.2d 405 (Pa.Super.1997) (filing a

criminal complaint instead of an information does not constitute a jurisdictional defect that deprives the court of jurisdiction over defendant). Since the error in question is not a jurisdictional defect, Fitzgerald had the duty to either object during his guilty plea hearing to the EAP program or file *and* prosecute a motion to withdraw his guilty plea after his sentence. By filing a motion to withdraw his plea but then withdrawing it a few days later, he waived his challenge to EAP procedures.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/12/2014