J-S76020-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RICKY E. GRUBBS | |
| Appellant | No. 923 WDA 2014 |

Appeal from the Judgment of Sentence April 14, 2014
In the Court of Common Pleas of Indiana County
Criminal Division at No(s): CP-32-CR-0000514-2013

BEFORE:  FORD ELLIOTT, P.J.E., PANELLA, J., and OLSON, J.

JUDGMENT ORDER BY PANELLA, J.                **FILED FEBRUARY 5, 2015**

Appellant, Ricky E. Grubbs, appeals from the judgment of sentence entered April 14, 2014, by the Honorable Thomas M. Bianco, Court of Common Pleas of Indiana County.  We affirm.

On August 26, 2013, Grubbs entered a *nolo contendere* plea to one count of Statutory Sexual Assault,[1] a felony of the second degree, in return for which the Commonwealth agreed to *nolle pros* all remaining charges.  At the hearing, the Commonwealth recommended a sentence of one year less one day to two years less one day imprisonment.  **See** N.T., Plea Hearing, 8/26/13 at 1.  During the plea colloquy, the trial court explicitly informed

---

[1] 18 Pa.C.S. § 3122.1(a)(2).

Grubbs that it was not obligated to sentence him to the recommended sentence:

> THE COURT: Now, do you understand that the District Attorney is recommending that I mitigate and give you that type of sentence?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Now, here's the important part. Do you understand that that's just a recommendation and the [c]ourt would not have to follow that recommendation?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Do you understand that if I did not follow that recommendation that in and of itself would not serve as the basis for you to withdraw your plea? Do you understand that?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Now, other than these things that we have discussed, have there been any other deals made or any promises made to you in connection with your plea?
>
> THE DEFENDANT: No, sir.
>
> THE COURT: Mr. Grubbs, do you have any questions at all for me?
>
> THE DEFENDANT: No, sir.

*Id*. at 9-10. At sentencing, the trial court indicated that a pre-sentence investigation report prepared in this matter revealed Grubbs' prior record score to be a five. *See* N.T., Sentencing, 4/11/14 at 11. After informing Grubbs that a county sentence was not possible even within the mitigated range of the sentencing guidelines, the court proceeded to sentence Grubbs

to two to seven years' imprisonment in a state correctional institution. **See id**. at 11-13.

Grubbs filed a timely *pro se* notice of appeal on April 23, 2014. On June 24, 2014, Grubbs's court-appointed counsel filed a Rule 1925(b) statement. On appeal, Grubbs argues that his *nolo contendere* plea was unknowingly entered because he did not understand that his sentence involved the possibility of incarceration in a state correctional facility. **See** Appellant's Brief at 8.

Our review of the record reveals that Grubbs did not challenge his guilty plea either at sentencing or in a post-sentence motion. As such, we are constrained to find that Grubbs has waived this issue on appeal. **See** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."); **Commonwealth v. Tareila**, 895 A.2d 1266, 1270 n.3 (Pa. Super. 2006) ("Where an appellant fails to challenge his guilty plea in the trial court, he may not do so on appeal.").[2]

Judgment of sentence affirmed.

---

[2] Even if we were able to review Grubbs's claim, we would not merit relief. As recounted **supra**, the transcript of the plea hearing indicates that the trial court *explicitly informed* Grubbs that it was not obligated to impose the sentence recommended by the Commonwealth. **See** N.T., Plea Hearing, 8/26/13 at 9-10.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/5/2015