J-A15016-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| SHEKIANA CHAMBERS | |
| Appellant | No. 1739 EDA 2014 |

Appeal from the Judgment of Sentence May 15, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0010468-2013

BEFORE:  BOWES, J., MUNDY, J., and FITZGERALD, J.[*]

MEMORANDUM BY MUNDY, J.:                    **FILED JUNE 23, 2015**

Appellant, Shekiana Chambers, appeals from the May 15, 2014 aggregate judgment of sentence of three years' probation, imposed after pleading guilty to hindering apprehension or prosecution and false identification to law enforcement authorities.[1]  After careful review, we affirm.

The trial court has set forth the relevant factual and procedural history, as follows.

> On July 23, 2013, Philadelphia police officers arrested [Appellant] for hindering apprehension and related offenses stemming from an incident wherein

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 5105(a)(1) and 4914(a), respectively.

[Appellant] enabled another person to evade arrest by posing as the other person and permitting officers to arrest her under that person's name. After arraignment, court administrators scheduled the matter for a waiver trial on December 6, 2013[,] before the Honorable Rayford A. Means. On that date, the [Appellant] requested a continuance. Honoring this request, Judge Means rescheduled the waiver trial for March 17, 2014[,] and transferred the matter to th[e instant trial court].

On March 17[, 2014] [Appellant] recanted her desire to proceed to a waiver trial and asserted her right to a jury trial. Upon hearing [Appellant]'s new demand for a jury trial and her corresponding continuance request, th[e trial court] conducted a colloquy with [Appellant] and scheduled a jury trial on May 5, 2014. [Appellant] appeared on that date, but th[e trial court] was in the midst of another trial, so it could not proceed with [Appellant]'s jury trial. [The trial c]ourt conducted another colloquy with [Appellant] and rescheduled [Appellant]'s jury trial to May 6, 2014.

On May 6[,2014] [Appellant] failed to appear, and th[e trial c]ourt issued a bench warrant for her arrest. Court administrators again rescheduled [Appellant]'s jury trial to May 13, 2014. On that date, [Appellant]'s attorney failed to appear. Yet again, court administrators rescheduled [Appellant]'s jury trial to May 15, 2014.

Trial Court Opinion, 10/23/14, at 1-2.

Appellant entered an open guilty plea to the aforementioned charges on May 15, 2014. Appellant read, reviewed, and signed a written guilty plea colloquy, wherein the trial court specifically guaranteed her a term of probation. Written Guilty Plea Colloquy, 5/15/14, at 1. At her hearing, Appellant stated that no one threatened her to plead guilty, she was

pleading guilty of her own free will, and she was pleading guilty because she was guilty of the offenses charged. N.T., 5/15/14, at 5-7. That same day, the trial court imposed an aggregate sentence of three years' probation.[2] No post-sentence motions were filed. On June 10, 2014, Appellant filed a timely notice of appeal.[3]

On appeal, Appellant raises the following issue for our review.

> Was it reversible error for the trial judge to repeatedly pressure … Appellant to enter into a guilty plea when Appellant had indicated, numerous times, that she wished to be tried by a jury, resulting in a plea under duress?

Appellant's Brief at 1.

In assessing challenges to the validity of a guilty plea, we are guided by the following standard of review. "Settled Pennsylvania law makes clear that by entering a guilty plea, the defendant waives his right to challenge on direct appeal all nonjurisdictional defects except the legality of the sentence and the validity of the plea." *Commonwealth v. Lincoln*, 72 A.3d 606, 609 (Pa. Super. 2013) (citation omitted), *appeal denied*, 87 A.3d 319 (Pa. 2014). "Our law presumes that a defendant who enters a guilty plea was aware of what he was doing. He bears the burden of proving otherwise."

---

[2] Specifically, Appellant was sentenced to two years' probation for hindering apprehension or prosecution, and a consecutive one year term of probation for false identification to law enforcement authority.

[3] Appellant and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925.

*Commonwealth v. Yeomans*, 24 A.3d 1044, 1047 (Pa. Super. 2011) (citation omitted). "[A] defendant has no absolute right to withdraw a guilty plea; rather, the decision to grant such a motion lies within the sound discretion of the trial court." *Commonwealth v. Muhammad*, 794 A.2d 378, 382 (Pa. Super. 2002).

> A defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing. Pa.R.Crim.P. 720(A)(1), (B)(1)(a)(i). Failure to employ either measure results in waiver. Historically, Pennsylvania courts adhere to this waiver principle because [i]t is for the court which accepted the plea to consider and correct, in the first instance, any error which may have been committed.

*Lincoln*, *supra* at 609-610 (Internal quotation marks and some citations omitted).

Instantly, our review of the record reveals that Appellant did not object to her plea prior to or during the May 15, 2014 guilty plea and sentencing hearing. Further, Appellant did not file a post-sentence motion to withdraw her plea, despite being informed of her right to do so at said hearing. N.T., 5/15/14, at 12-13. As noted above, in order to preserve an issue related to the validity of a guilty plea, an appellant must either object during the colloquy or otherwise raise the issue at the guilty plea hearing, the sentencing hearing, or through a post-sentence motion. *Lincoln*, *supra*; *accord Commonwealth v. Tareila*, 895 A.2d 1266, 1270 n.3 (Pa. Super. 2006); *see also* Pa.R.A.P. 302(a) (stating, "[i]ssues not raised in the lower

court are waived and cannot be raised for the first time on appeal[]"). Accordingly, Appellant has waived any challenge to the validity of her guilty plea.

Based on the foregoing, we conclude Appellant's sole issue on appeal is waived for lack of preservation. Accordingly, the trial court's May 15, 2014 judgment of sentence is affirmed.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/23/2015