J-S32001-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LUCHO HUMBERTO YOUNGS, | |
| Appellant | No. 1959 EDA 2015 |

Appeal from the Judgment of Sentence June 2, 2015
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0000291-2015

BEFORE:  BOWES, MUNDY AND PLATT,* JJ.

MEMORANDUM BY BOWES, J.:                    **FILED May 11, 2016**

Lucho Humberto Youngs appeals from the judgment of sentence of one to twenty-three months in jail followed by two years probation.  The sentence was imposed after Appellant tendered a negotiated guilty plea to retail theft graded as a first-degree misdemeanor.  We affirm.

Appellant was charged in this action with retail theft, conspiracy to commit retail theft, and criminal mischief.  The affidavit of probable cause indicates the following.  Just before midnight on September 17, 2014, eyewitness Tameeka Pittman was present in the parking lot of the Walmart store on 275 N. Gulph Road, King of Prussia, Upper Merion Township.  She observed Appellant and Major Fleming, II, take bolt cutters, cut a lock securing an orange snow blower located in front of the Walmart, and load

_____
*  Retired Senior Judge assigned to the Superior Court.

the snow blower into a silver GMC Sierra pick-up truck with a Maryland license plate. Ms. Pittman immediately notified Upper Merion Township police, gave a description of the perpetrators and the truck, and reported the direction that the vehicle proceeded when it turned onto North Gulph Road.

Seventeen minutes after Ms. Pittman telephoned police, they stopped Appellant and Fleming on North Gulph Road in the described vehicle, which had an orange Yard Machines snow blower in the back and a set of orange bolt cutters on the floor. Ms. Pittman was driven to the scene, and she identified Appellant and Fleming as the perpetrators of the theft of the snow blower, which had a retail value of $598.

On June 2, 2015, Appellant, with the assistance of privately-retained counsel, Jeremy Z. Mittman, Esquire, entered a negotiated guilty plea to one count of retail theft graded as a first-degree misdemeanor and the two other offenses were withdrawn. The negotiated sentence was "not less than one nor more than twenty-three months in Montgomery County [jail,] . . . and two-year consecutive probation." N.T. Guilty Plea, 6/2/15, at 3. After a written colloquy was completed and an oral colloquy was conducted, the court accepted the guilty plea and imposed the negotiated sentence.

On June 10, 2015, Mr. Mittman filed a motion to withdraw the guilty plea raising the single contention that Appellant's guilty plea was unknowingly entered because he was "unaware that his plea would result in the aggregate of 4[7] months of supervision." Motion to Withdraw, 6/10/15,

at ¶ 3. Appellant claimed to have "misunderstood the exact amount of supervision he would be subjected to as a result of such plea." *Id*. at 5.

On June 23, 2015, the court denied the motion to withdraw the guilty plea.[1] Notice of denial of the motion to withdraw the plea was sent to Mr. Mittman. Appellant filed a *pro se* appeal on June 26, 2015. He additionally presented a *pro se* motion to proceed *in forma pauperis* and a *pro se* motion to stay his sentence pending appeal. The latter two motions were denied; the trial court indicated that the motion to proceed *in forma pauperis* was denied because Appellant had employment income. On June 30, 2015, the trial court ordered the filing of a Pa.R.A.P. 1925(b) statement. Since Appellant had requested to proceed *in forma pauperis*, the order to file a Pa.R.A.P. 1925(b) statement was forwarded to the public defender's office.

On July 20, 2015, Raymond D. Roberts of the Montgomery County Public Defender's Office requested an extension of time to file a Pa.R.A.P. 1925(b) statement. Therein, Mr. Roberts noted the following. Appellant had sent the public defender's office a letter stating that he was not employed but actually was a college student. The public defender asked for an extension due to the uncertain status of Appellant's qualification for appointed counsel and whether Appellant would need to be colloquied so he

---

[1] Appellant represents that a truncated hearing occurred on the motion, but the notes of testimony of that proceeding are not contained in the certified record.

could proceed *pro se*. Mr. Roberts also noted that he had not yet received the transcript of the guilty plea. The court denied the motion to extend the filing date of the Pa.R.A.P. 1925(b) statement.

On appeal, Appellant raises these contentions: "1. The trial court erred in denying Appellant's petition to withdraw his guilty plea. 2. The trial court erred in denying Appellant's request for an extension of time in which to file the concise statement." Appellant's brief at 7.

We address the issues in reverse order since the first averment would be considered waived if the second contention lacks merit. Pa.R.A.P. 1925(b)(2) (emphases added) expressly states,

> Upon application of the appellant and for good cause shown, the judge may enlarge the time period initially specified or permit an amended or supplemental Statement to be filed. **Good cause includes**, but is not limited to, **delay in the production of a transcript necessary to develop the Statement** so long as the delay is not attributable to a lack of diligence in ordering or paying for such transcript by the party or counsel on appeal.

Additionally, the comment to Pa.R.A.P. 1925(b)(2) provides, "A trial court should enlarge the time or allow for an amended or supplemental Statement when new counsel is retained or appointed."

In the present case, the extension was requested by a new lawyer, who was from the public defender's office and who was attempting to ascertain whether Appellant qualified for appointed counsel. Additionally, that attorney, as part of his request for an extension, noted that he had not

- 4 -

reviewed the guilty plea colloquy, which was not available. Hence, we conclude that, under the express language of Pa.R.A.P. 1925(b)(2) and the comment thereto, an extension of time to file the statement should have been granted both based due to the entry of the appearance of a new lawyer, who did not have the plea transcript.[2] We refuse to find waiver of the issue presented on appeal due to Appellant's failure to file a Pa.R.A.P. 1925(b) statement.[3]

_____

[2] The court herein justified its refusal to allow the enlargement of time to file the Pa.R.A.P. 1925(b) statement on the ground that Mr. Robert's motion was premised upon the mistaken belief that the motion to withdraw the guilty plea was not resolved. We disagree. The thrust of the request for more time was based upon Mr. Robert's need to resolve the question of whether Appellant was entitled to appointed counsel as well as the fact that Mr. Roberts did not have the guilty plea transcript. The motion merely mentioned that the motion to withdraw the guilty plea had not been resolved. Mr. Roberts, in his appellate brief, explains this misstatement. He had printed a copy of the docket sheet in this criminal matter on July 2, 2015. The July 2, 2015 docket sheet, a copy of which is appended to the brief, does not contain any docket entry for June 23, 2013. It shows the filing of a motion to withdraw and then of a notice of appeal on June 26, 2013. Thus, Mr. Roberts did not intentionally misstate the procedural posture of this case.

[3] It is unnecessary for us to remand for the filing of an opinion under Pa.R.A.P. 1925(a) in that, although it found waiver, the trial court addressed the merits of the question of whether Appellant was entitled to withdraw his guilty plea. *Cf. Commonwealth v. Thompson*, 39 A.3d 335 (Pa.Super. 2012) (finding counsel ineffective *per se* for not filing a Pa.R.A.P. 1925(b) statement, allowing the filing of the statement *nunc pro tunc*, and ordering the court to file an opinion in support of its rulings).

We now address Appellant's first issue, whether he should have been permitted to withdraw his guilty plea. A trial court's decision to deny a defendant's motion to withdraw his guilty plea is subject to an abuse-of-discretion standard of review. *Commonwealth v. Broaden*, 980 A.2d 124 (Pa.Super. 2009). In order to withdraw a guilty plea after sentence is imposed, "A defendant must demonstrate that manifest injustice would result if the court were to deny his post-sentence motion to withdraw a guilty plea." *Id*. at 129. Manifest injustice is present when "the plea was not tendered knowingly, intelligently, and voluntarily." *Id*. (citation omitted). When we determine if a guilty plea is valid, we must "examine the totality of circumstances surrounding the plea." *Id*. (citation omitted).

Initially, we note that there is only one challenge to the guilty plea preserved for purposes of this appeal. As we stated in *Commonwealth v. Tareila*, 895 A.2d 1266, 1270 n.3 (Pa.Super. 2006) (citation omitted): "In order to preserve an issue related to the guilty plea, an appellant must either object at the . . . colloquy or otherwise raise the issue at the sentencing hearing or through a post-sentence motion." Herein, no objection appears in the colloquy, and Appellant's post-sentence motion to withdraw the plea raised a single claim, which was that his guilty plea was unknowing and involuntary in that he was unaware that he would be subject to supervision for forty-seven months when he tendered it.

As noted by the trial court, the record belies this assertion. At the beginning of the plea proceeding, the Commonwealth delineated the terms of the agreement on the record: "[Appellant] will plead guilty to count one, retail theft, graded as an M-1. We have a negotiated sentence of not less than one nor more than 23 months in Montgomery County. He'll turn himself in on July 2, 2015, at 9:00 a.m., and two-year consecutive probation." N.T. Guilty Plea, 6/2/15, at 3. As of the date of entry of the plea, Appellant was fifty-five years old, had graduated from high school, and understood English. *Id*. at 4. He was told and thus understood that he would be in jail from one to twenty-three months and that he would be subject to two years probation consecutive to the term of imprisonment. Accordingly, Appellant knew that he would be under supervision for forty-seven months.

On appeal, Appellant raises various complaints relating to Mr. Mittman representation during the guilty plea process. As noted, these averments are waived. Moreover, our Supreme Court announced in **Commonwealth v. Grant**, 813 A.2d 726 (2002), that allegations of ineffective assistance of counsel will no longer be entertained on direct appeal. Rather, such claims are to be pursued pursuant to the provisions of the Post-Conviction Relief Act, 42 Pa.C.S. §§ 9541, *et seq*. Our Supreme Court more recently re-affirmed that "**Grant's** general rule of deferral to PCRA review remains the pertinent law on the appropriate timing for review of claims of ineffective

assistance of counsel[.]" ***Commonwealth v. Holmes***, 79 A.3d 562, 563 (Pa. 2013). There are two exceptions to ***Grant***, as outlined in ***Holmes***, but neither of those exceptions applies herein. Accordingly, Appellant's challenges to the validity of his guilty plea that relate to whether Mr. Mittman provided ineffective assistance in connection with its entry are deferred to collateral review.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/11/2016