J-A28025-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAMEN JAROD DRAKEFORD | : | |
| | : | |
| Appellant | : | No. 851 EDA 2017 |

Appeal from the Judgment of Sentence February 2, 2017
In the Court of Common Pleas of Monroe County
Criminal Division at No(s):  CP-45-CR-0002309-2016

BEFORE:  GANTMAN, P.J., PANELLA, J., and DUBOW, J.

JUDGMENT ORDER BY PANELLA, J.          **FILED JULY 13, 2018**

Damen Jarod Drakeford entered an open guilty plea to forgery, 18 Pa.C.S.A. § 4101(a)(3), graded as a third-degree felony. The written guilty plea and colloquy has Drakeford's prior record score as two and sets forth the standard range guideline sentence as restorative sanctions to nine months. **See** Written Guilty Plea and Colloquy, filed 12/1/16, at 1 ¶2. It also informed him of the maximum penalty.

At sentencing, however, Drakeford's counsel explained that "unfortunately" the prior record score in the written guilty plea and colloquy was incorrect and Drakeford's prior record score was not two, but five. N.T., Sentencing, 2/2/17, at 2-3. That made the standard range guideline sentence not restorative sanctions to nine months, but six to sixteen months. **See id**., at 3. **See also** 204 Pa. Code § 303.16(a). **Basic Sentencing Matrix**, 7th Edition Amendment 3 (9/25/15). The matter proceeded and the court imposed

a sentence of twelve to 36 months, a sentence within the standard range of the guidelines. At this proceeding, Drakeford never moved to withdraw his guilty plea. Nor did he lodge any objection. And he did not later file a post-sentence motion.

On appeal, Drakeford asserts that the sentencing court abused its discretion when it failed to advise him at sentencing that he was entitled to withdraw his guilty plea given the erroneous prior record score in the written guilty plea and colloquy. Drakeford acknowledges that this proposed obligation on the sentencing court "may constitute a new area of review by the court…." Appellant's Brief, at 12. It would. But Drakeford's argument fails for another reason: He did not preserve this issue for our review.

"In order to preserve an issue related to the guilty plea, an appellant must either object at the sentence colloquy or otherwise raise the issue at the sentencing hearing or through a post-sentence motion." ***Commonwealth v. Tareila***, 895 A.2d 1266, 1270 n.3 (Pa. Super. 2006) (citation, brackets, and internal quotation marks omitted). As mentioned, Drakeford did none of these things. Instead, he raises this claim for the first time on appeal. ***See also*** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.") We find the claim waived.

Judgment of sentence affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


*Date: 7/13/2018*