J-S49007-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
   :         PENNSYLVANIA
   :
          v.          :
   :
   :
MELANIE SUE SNYDER       :
   :
      Appellant      :   No. 355 WDA 2020

Appeal from the Judgment of Sentence Entered February 19, 2020
In the Court of Common Pleas of Armstrong County Criminal Division at
No(s):  CP-03-CR-0000141-2018

BEFORE:   OLSON, J., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY OLSON, J.:          FILED NOVEMBER 20, 2020

Appellant, Melanie Sue Snyder, appeals from the judgment of sentence entered on February 19, 2020.  We affirm.

On January 4, 2019, Appellant pled guilty to third-degree murder.[1] During the plea hearing, the Commonwealth recited the factual basis for the plea:

> [On July 27, 2017,] Chief County Detective Eric Petrosky[] was dispatched to the residence [of 110 Garretts Run Road in Manor Township, Armstrong County,] for a report of a female subject that had struck a male subject with an axe.
>
> Upon arrival at the scene, [Chief Petrosky] was able to locate the female[,] who was later identified as [Appellant]. [Appellant] was found to have some castaway blood pattern

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 2502(c).

on her shirt, which through DNA analysis was confirmed to be the blood of a Mr. Thomas Snyder. Mr. Thomas Snyder was [Appellant's] husband.

Upon further investigation and entering into the home, Chief Petrosky discovered that Mr. Snyder had been struck about the neck three to four times with an axe. That axe was found in the weeds outside of the home.

Upon interviewing the child victims in the case, who were the children of both [Appellant] and Mr. Snyder, it was learned that the children had awoken to find their mother with the axe and had struggled over the axe with her to get that off of her before running out of the house and throwing it into the weeds. That axe was found to have blood on it which again through DNA testing was confirmed to be the blood of the victim in this case, Mr. Thomas Snyder.

Mr. Snyder was . . . flown to Presbyterian Hospital in Pittsburgh. He . . . died on December [27, 2017].

N.T. Guilty Plea Hearing, 1/4/19, at 7-9.

During the plea hearing, Appellant admitted that, on the night of the murder, she was angry at Mr. Snyder. She testified that she left the house, went into the shed, and retrieved a hatchet. She then went back into the house and struck Mr. Snyder in the neck with the hatchet "at least three" times. Id. at 10-14. Appellant also admitted that: she knew that "striking someone in the neck with a sharp object with some force is going to cause serious injury;" "there was a serious risk . . . that [Mr. Snyder] would be killed by doing this;" her actions "were in extreme indifference to the value of human life;" and, there was no "question in [her] mind that these blows caused the death of" Mr. Snyder. Id.

After conducting a full colloquy, the trial court accepted Appellant's plea and, on February 19, 2019, the trial court sentenced Appellant to serve the negotiated term of 20 to 40 years in prison. See id. at 16; N.T. Sentencing, 2/19/19, at 14. Appellant did not file a post-sentence motion and Appellant did not file a notice of appeal within 30 days of the date her judgment of sentence was entered.

On April 10, 2019, or, 50 days after Appellant's judgment of sentence was entered, Appellant filed a pro se document entitled "notice of appeal." Then, on October 10, 2019, Appellant filed a pro se "Petition for Post-Conviction Relief." The lower court appointed counsel to represent Appellant in this matter and, on January 31, 2020, the lower court granted Appellant relief under the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. Specifically, the PCRA court reinstated Appellant's direct appeal rights nunc pro tunc. See PCRA Court Order, 1/31/20, at 1.

Following the reinstatement of Appellant's direct appeal rights, Appellant filed a timely notice of appeal.[2] Appellant's Pennsylvania Rule of Appellate Procedure 2116 "statement of questions involved" lists the following claim:

_____

[2] The trial court ordered Appellant to file and serve a concise statement of errors complained of on appeal, pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). Appellant listed the following claim in her Rule 1925(b) statement:

> That the evidence was insufficient to support the plea entered by [Appellant], particularly as to whether [Appellant's] actions were the cause of her husband's death.

> Did the trial court err in denying [Appellant's] allegation that there is insufficient evidence to sustain her plea?

Appellant's Brief at 4.

Appellant's statement of questions involved claims that the evidence was insufficient to sustain her plea. See id. However, within the argument section of Appellant's brief, Appellant concedes that her admissions during the guilty plea hearing "would be a sufficient basis [] to sustain her guilt." Appellant's Brief at 9.

The argument section of Appellant's brief, thus, does not claim that the evidence was "insufficient . . . to sustain her plea." Instead, Appellant argues in her brief that she is entitled to relief because "her plea was not voluntarily made." See id. However, Appellant did not raise this claim in her Rule 1925(b) statement or in her Rule 2116 statement of questions involved. Further, Appellant did not raise this issue at sentencing and Appellant did not file a post-sentence motion in this case. Therefore, Appellant's claim on appeal is waived. Pa.R.A.P. 1925(b)(4)(vii) ("[i]ssues not included in the [Rule 1925(b)] Statement . . . are waived"); Pa.R.A.P. 2116(a) ("[n]o question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby"); Pa.R.A.P. 302(a) ("[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal");

_____

Appellant's Rule 1925(b) Statement, 4/8/20, at 1 (some capitalization omitted).

- 4 -

Commonwealth v. Tareila, 895 A.2d 1266, 1270 n. 3 (Pa. Super. 2006) ("[i]n order to preserve an issue related to the guilty plea, an appellant must either object at the sentence colloquy or otherwise raise the issue at the sentencing hearing or through a post-sentence motion") (quotations, citations, and corrections omitted).

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/20/2020