J-S28029-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| STEVEN FISHER | : | |
| | : | |
| Appellant | : | No. 475 EDA 2021 |

Appeal from the Judgment of Sentence Entered January 21, 2021
In the Court of Common Pleas of Wayne County Criminal Division at
No(s):  CP-64-CR-0000379-2019

BEFORE:   BOWES, J., DUBOW, J., and PELLEGRINI, J.[*]

MEMORANDUM BY DUBOW, J.:                    **FILED OCTOBER 27, 2021**

Appellant, Steven Fisher, appeals from the January 21, 2021 Judgment of Sentence of 5 to 10 years' incarceration entered following his negotiated guilty plea to one count of Aggravated Indecent Assault—Complainant Less than 13 Years Old.[1]  Appellant challenges the validity of his guilty plea and claims that his plea counsel was ineffective.  After careful review, we affirm.

The relevant facts and procedural history are as follows.  On July 12, 2019, the Commonwealth charged Appellant with one count each of Involuntary Deviate Sexual Intercourse with a Child, Unlawful Contact with a Minor, Aggravated Indecent Assault Complainant Less than 13 Years Old, and

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 3125(a)(7).

Indecent Assault of a Person Less than 13 Years Old, following Appellant's assault of a four-year-old girl.

On October 27, 2020, Appellant entered a written guilty plea to Aggravated Indecent Assault—Complainant Less than 13 Years Old. The trial court conducted a thorough on-the-record guilty plea colloquy to ensure that Appellant's plea was knowing, intelligent, and voluntary, after which it accepted the guilty plea. At no time did Appellant request that the trial court hold a hearing to determine his competency. The court deferred sentencing pending preparation of a post-sentence investigation ("PSI") report.

On January 21, 2021, the trial court sentenced Appellant to a term of 5 to 10 years' incarceration in accordance with Appellant's agreement with the Commonwealth. Appellant did not raise his competency to enter the plea or otherwise challenge its validity at sentencing.

On January 28, 2021, Appellant filed a Post-Sentence Motion in which he challenged the discretionary aspects of his sentence. Appellant did not challenge the validity of his guilty plea in the Post-Sentence Motion or request that the trial court hold a hearing to determine whether he had been competent to enter the plea. The trial court denied the Motion the next day.

This appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.[2]

_____

[2] Appellant challenged, *inter alia*, the validity of his guilty plea in his Rule 1925(b) Statement.

Appellant raises the following issues on appeal:

[1.] Was [Appellant's] plea ineffective and/or invalid because it was not knowing, voluntary, and intelligent?

[2.] [Was A]ppellant's plea was ineffective and/or invalid because it was not knowing, voluntary, and intelligent where the [PSI Report] identified that [Appellant]:

- Required special education during and prior to high school because of "having difficulty with reading, comprehension, and math?"

- Had an IQ of 66 [extremely low, percentile rank 1%] with Verbal Comprehension of 68 [extremely low, percentile rank 2%], Perceptual Reasoning = 69 [extremely low, percentile rank 2[%]], Working Memory = 66 [extremely low, percentile rank 2%], and Processing Speed = 84 [low average]?

- Had an "overall level of intellectual functioning lies in the mild range of intellectually disabled?"

[3.] Did the [t]rial [c]ourt err in not requiring or permitting a hearing to assess [Appellant's] competency and intellectual ability to enter into a guilty plea?

[4.] Was [Appellant's] guilty plea counsel ineffective to the extent that counsel did not request or require a hearing to assess [Appellant's] competency and intellectual ability to enter into a guilty plea?

Appellant's Brief at 5-6.

In his first three issues, Appellant raises various claims implicating the validity of his guilty plea.[3]  *Id.* at 13-20.  Before we address the merits of

_____

[3] Appellant raised these three issues separately in his Statement of Questions Involved.  However, he presented only one corresponding section of argument in support of these issues in contravention of Pa.R.A.P. 2119, which requires that the "argument shall be divided into as many parts as there are questions to be argued."  Pa.R.A.P. 2119.  Notwithstanding this defect, we proceed to address these issues.

these claims, we must first determine whether Appellant preserved this issue in the court below.

"Issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). Where an appellant fails to challenge his guilty plea in the trial court, he may not do so on appeal. **Commonwealth v. Watson**, 835 A.2d 786, 791 (Pa. Super. 2003). An appellant may not cure his failure by raising the issue in his Pa.R.A.P. 1925(b) Statement of Errors. **Id.**

In order to preserve a challenge to the validity of a guilty plea, the appellant must either object during the sentencing colloquy, at the sentencing hearing, or by filing a post-sentence motion. **Commonwealth v. Tareila**, 895 A.2d 1266, 1270 n.3 (Pa. Super. 2006).

Here, Appellant did not challenge the validity of his guilty plea during his plea hearing. **See** N.T. Plea, 10/27/20, at 4-11. He likewise failed to object or seek to withdraw his plea at sentencing and did not request that the court hold a hearing to determine his competency. N.T., 1/21/21, at 4-19. Appellant did not raise these issues in his Post-Sentence Motion or file a post-sentence motion to withdraw his guilty plea. Instead, Appellant first raised the issue of his competency in his Rule 1925(b) Statement. Accordingly, Appellant's first three issues are waived because Appellant never requested that the trial court permit him to withdraw his plea.

In his final issue, Appellant asserts that his trial counsel was ineffective for failing to request that the court hold a hearing to assess Appellant's competency to enter into a guilty plea. Appellant's Brief at 19-20.

Generally, an allegation of ineffective assistance of counsel may not be heard on direct review. ***Commonwealth v. Holmes***, 79 A.3d 562, 576 (Pa. 2013). Instead a defendant must defer a claim of ineffective assistance of counsel to PCRA review, unless: (1) there are "extraordinary circumstances where a discrete claim" of "ineffectiveness is apparent from the record and meritorious to the extent that immediate consideration best serves the interests of justice;" or (2) when a defendant seeks to litigate multiple claims of ineffectiveness, shows good cause and knowingly and expressly waives his right to seek PCRA review from his conviction and sentence. ***Id.*** at 563-64.

In light of the foregoing case law, and because none of the exceptional circumstances permitting review of an ineffective assistance of counsel claim on direct appeal are present, we dismiss Appellant's ineffective assistance of counsel claim without prejudice to his ability to raise it on collateral review.

Judgment of Sentence affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


*Date: 10/27/2021*

- 5 -