J-S38028-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DONTA JENKINS | : | |
| | : | |
| Appellant | : | No. 1007 EDA 2023 |

Appeal from the Judgment of Sentence Entered March 24, 2023
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0001935-2022

BEFORE: LAZARUS, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY KUNSELMAN, J.: **FILED OCTOBER 16, 2023**

Donta Jenkins appeals from the judgment of sentence entered after he pled guilty to disorderly conduct. ***See*** 18 Pa.C.S.A. § 5503(a)(4). We affirm.

Police arrested Jenkins on February 18, 2022, when they found that he was carrying a firearm without a license. As the case progressed, the parties reached an agreement where Jenkins would plead guilty to disorderly conduct and receive a sentence of one year of probation and costs.

On March 24, 2023, Jenkins pled guilty to disorderly conduct. His lawyer conducted an on-the-record colloquy; Jenkins indicated that he had completed a written questionnaire and had the chance to ask questions about it. The questionnaire was made part of the record. Jenkins did not object to the trial court accepting his plea.

---

[*] Retired Senior Judge assigned to the Superior Court.

In accordance with the plea agreement, the trial court sentenced Jenkins to one year of probation and costs. Jenkins did not file a post-sentence motion to withdraw his plea. Jenkins timely appealed. Jenkins and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

Jenkins presents one issue for this Court's review:

Did the lower court err in accepting [Jenkins'] guilty plea since the plea was not knowing and voluntarily entered because [Jenkins'] oral guilty plea colloquy failed to explain: (1) the right to confront and cross-examine witnesses, (2) the right to a jury trial, (3) the fact that a jury's verdict would need to be unanimous, and (4) [Jenkins] would be presumed innocent unless the Commonwealth established the elements of [the] crime beyond a reasonable doubt?

Jenkins' Brief at 3.

Jenkins argues that his oral colloquy was inadequate because his lawyer did not ask him about several essential topics on the record. Absent such an inquiry, Jenkins reasons that the written questionnaire was not sufficient to support a knowing and voluntary waiver of his rights if he had gone to trial. Therefore, he concludes that the trial court should not have accepted his plea and that this Court should vacate and remand for trial.

The Commonwealth responds that Jenkins waived his issue because he failed to challenge the validity of his plea before the trial court. On the merits, the Commonwealth submits that the totality of the circumstances supports the trial court's conclusion that Jenkins' plea was knowing and voluntary.

Upon review, we find that Jenkins waived his challenge to the trial court accepting his guilty plea. "A defendant wishing to challenge the voluntariness

of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing." *Commonwealth v. Lincoln*, 72 A.3d 606, 610 (Pa. Super. 2013) (citing Pa.R.Crim.P. 720(A)(1), (B)(1)(a)(i)). "Failure to employ either measure results in waiver." *Id.* (citing *Commonwealth v. Tareila*, 895 A.2d 1266, 1270 n.3 (Pa. Super. 2006)).

Here, Jenkins did not object during the plea hearing, and he did not file a post-sentence motion to withdraw his plea before the trial court. Therefore, he has waived his challenge to the trial court's acceptance of his plea. We will therefore affirm Jenkins' judgment of sentence.[1]

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/16/2023

---

[1] Jenkins urges that "repeated opportunities to withdraw a guilty plea are of no value to a defendant who is not in a position to understand the ramifications of the guilty plea." Jenkins' Brief at 13. However, on direct appeal, the value of the waiver rule is that it allows the trial court to review the adequacy of the colloquy in the first instance, potentially avoiding an unnecessary appeal. *Commonwealth v. Roberts*, 352 A.2d 140, 141–42 (Pa. Super. 1975). Because Jenkins did not give the trial court any opportunity to address his claim while it had jurisdiction over his case, he receives no benefit from this Court's review.