J-A07028-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| ANTHONY DANIEL DATCHER | : | |
| Appellant | : | No. 979 MDA 2024 |

Appeal from the Judgment of Sentence Entered April 13, 2022
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0003132-2018

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| ANTHONY DANIEL DATCHER | : | |
| Appellant | : | No. 980 MDA 2024 |

Appeal from the Judgment of Sentence Entered April 14, 2022
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0003804-2019

BEFORE: BOWES, J., OLSON, J., and STABILE, J.

MEMORANDUM BY OLSON, J.:                    **FILED: MARCH 31, 2025**

Appellant, Anthony Daniel Datcher, appeals from the judgments of sentence entered on April 13 and 14, 2022. We affirm.

On April 13, 2022, Appellant entered an open guilty plea at Docket Number CP-06-CR-0003132-2018 ("Docket Number 3132-2018"), to one count of persons not to possess firearms and three counts of possession of a

controlled substance with the intent to distribute ("PWID").[1]  During the guilty plea and sentencing hearing, Appellant produced evidence tending to show that "he is mentally ill as that term is defined in [18 Pa.C.S.A. § 314(c),] as one who as a result of mental disease or defect lacks substantial capacity to appreciate the wrongfulness of his conduct or to conform his conduct to the requirement of the law."  N.T. Guilty Plea and Sentencing, 4/13/22, at 11; *see also* 18 Pa.C.S.A. § 314(c).[2]  However, the parties and the trial court agreed that Appellant was not pleading "guilty but mentally ill."  *See* N.T. Guilty Plea and Sentencing, 4/13/22, at 29.  Instead, as all agreed, the proceeding was "an open plea of guilty" and Appellant's evidence of mental illness was relevant only to the issue of sentencing mitigation.  *Id.* at 29-30.

That day, the trial court sentenced Appellant to serve an aggregate term of ten to 20 years in prison for his convictions.  *Id.* at 50.  Appellant did not file a post-sentence motion in this case.

On March 23, 2022, Appellant entered an open guilty plea at docket number CP-06-CR-0003804-2019 ("Docket Number 3804-2019"), to two

---

[1] 18 Pa.C.S.A. § 6105(a)(1) and 35 P.S. § 780-113(a)(30), respectively.

[2] For purposes of 18 Pa.C.S.A. § 314 and 42 Pa.C.S.A. § 9727 (relating to the disposition of persons found guilty but mentally ill), 18 Pa.C.S.A. § 314(c) defines the term "mentally ill" as:  "[o]ne who as a result of mental disease or defect, lacks substantial capacity either to appreciate the wrongfulness of his conduct or to conform his conduct to the requirements of the law."  18 Pa.C.S.A. § 314(c).

counts of persons not to possess firearms.[3]  During Appellant's April 14, 2022 sentencing hearing, Appellant argued that he was mentally ill, as defined by 18 Pa.C.S.A. § 314(c).  As Appellant clarified during the hearing, however:  "I mean, even if we do not have a guilty but mentally ill designated plea, [the trial court] does have the ability to mitigate its sentence in punishing [Appellant]."  N.T. Sentencing Hearing, 4/14/22, at 15-16.

That day, the trial court sentenced Appellant to serve an aggregate term of six to 12 years in prison for his convictions.[4]  *Id.* at 18.  Again, Appellant did not file a post-sentence motion in this case.

Following the *nunc pro tunc* restoration of Appellant's direct appeal rights, Appellant filed timely notices of appeal at both docket numbers. Appellant raises one consolidated claim to this Court:

> Whether Appellant's guilty plea was knowingly, intelligently, and voluntarily tendered and therefore illegal where the [trial] court failed to first conduct a separate hearing pursuant to 18 Pa.C.S.A. § 314 solely to determine if Appellant met the criteria for a plea of guilty but mentally ill despite having received from plea counsel, prior to the guilty plea hearing, voluminous supporting reports from Appellant's various treatment for mental illness through the Veteran's Administration as well as the report prepared by Dr. Rotenberg following his psychological evaluation of Appellant, the conclusion of which was that Appellant met the criteria under 18 Pa.C.S.A. § 314?

---

[3] 18 Pa.C.S.A. § 6105(a)(1).

[4] The trial court ordered that its sentence was to be served concurrently to the sentence Appellant received at Docket Number 3132-2018.  N.T. Sentencing Hearing, 4/14/22, at 18.

Appellant's Brief at 4.

On appeal, Appellant claims that his guilty pleas were unknowing, unintelligent, and involuntary because he essentially pleaded guilty but mentally ill at the two docket numbers and the trial court failed to follow the proper procedures for such a plea. *See* Appellant's Brief at 9-17. Appellant's consolidated claim on these appeals is waived, as Appellant entered **open** guilty pleas at both docket numbers – not pleas of guilty but mentally ill.[5] Further, during the underlying proceedings, Appellant specifically declared that his arguments concerning, or evidence of, his mental illness were merely for purposes of sentencing mitigation, and not for purposes of a guilty but mentally ill plea. *See* N.T. Guilty Plea and Sentencing, 4/13/22, at 29-30; N.T. Sentencing Hearing, 4/14/22, at 15-16.

_____

[5] 18 Pa.C.S.A. § 314(b) declares:

> **(b) Plea of guilty but mentally ill.**--A person who waives his right to trial may plead guilty but mentally ill. No plea of guilty but mentally ill may be accepted by the trial judge until he has examined all reports prepared pursuant to the Rules of Criminal Procedure, has held a hearing on the sole issue of the defendant's mental illness at which either party may present evidence and is satisfied that the defendant was mentally ill at the time of the offense to which the plea is entered. If the trial judge refuses to accept a plea of guilty but mentally ill, the defendant shall be permitted to withdraw his plea. A defendant whose plea is not accepted by the court shall be entitled to a jury trial, except that if a defendant subsequently waives his right to a jury trial, the judge who presided at the hearing on mental illness shall not preside at the trial.

18 Pa.C.S.A. § 314(b).

As we have held, "[i]n order to preserve an issue related to the guilty plea, an appellant must either object at the sentence colloquy or otherwise raise the issue at the sentencing hearing or through a post-sentence motion." *Commonwealth v. Tareila*, 895 A.2d 1266, 1270 n.3 (Pa. Super. 2006) (quotation marks, citations, and corrections omitted); *see also* Pa.R.A.P. 302(a) ("[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal").  Appellant did not raise the current claim during the underlying proceedings and Appellant did not file a post-sentence motion at either docket number.  Thus, Appellant's consolidated claim on these appeals is waived.[6]

Judgments of sentence affirmed.  Jurisdiction relinquished.

Judgment Entered.

_____

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>3/31/2025</u>

_____

[6] We note that Appellant's claim does not implicate the legality of his sentence. *See* 42 Pa.C.S.A. § 9727(a) ("A defendant found guilty but mentally ill or whose plea of guilty but mentally ill is accepted under the provisions of 18 Pa.C.S. § 314 (relating to guilty but mentally ill) **may have any sentence imposed on him which may lawfully be imposed on any defendant convicted of the same offense**.") (emphasis added).