J-S94024-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| DONTE JOHNSON | |
| Appellant | No. 1005 MDA 2016 |

Appeal from the PCRA Order May 26, 2016
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0000616-2014

BEFORE:  LAZARUS, J., RANSOM, J., and FITZGERALD, J.[*]

MEMORANDUM BY RANSOM, J.:                **FILED MARCH 20, 2017**

Appellant, Donte Johnson, appeals from the May 26, 2016 order denying his petition filed under the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-9546.  We affirm.

Appellant was arrested and charged with aggravated assault, three counts of possession with intent to deliver controlled substances, one count of criminal conspiracy, one count of possession of drug paraphernalia, one count of fleeing or attempting to elude a police officer, and one count of driving while operating privileges were suspended or revoked.[1]  On December 1, 2014, following an extensive colloquy, Appellant entered an

---

[1] 18 Pa.C.S. § 2702(a)(2); 35 P.S. § 780-113(a)(30); 18 Pa.C.S. § 903; 35 P.S. § 780-113(a)(32); 75 Pa.C.S. §§ 3733(a), 1543(a).

[*] Former Justice specially assigned to the Superior Court.

open guilty plea to all offenses. *See* Notes of Testimony (N. T.), 12/1/14, at 2-38.

On February 26, 2015, Appellant was sentenced on the instant docket, as well as for probation violations at docket numbers CP-36-CR-0000029-2007 and CP-36-CR-0002789-2008. At sentencing, the Commonwealth noted that Appellant's prior record score had been miscalculated, and it offered a corrected score and appropriate guidelines. N. T., 2/26/15, at 6-7. Appellant complained bitterly about plea counsel's representation, specifically with reference to the prior record score. *Id.* at 11-22. As a result of those issues, the court offered Appellant the option to withdraw his plea, advising Appellant that it would be difficult to pursue a post-conviction petition based on the above. *Id.* at 20-25. Ultimately, Appellant declined the opportunity to withdraw his plea after consulting with his family. *Id.* at 23-25. Appellant received an aggregate sentence on all dockets of six and one-half to twenty years of incarceration and five years of consecutive probation.

Appellant did not pursue a direct appeal but *pro se* filed a petition seeking PCRA relief. Counsel was appointed and filed two amended petitions on his behalf. The PCRA court held a hearing on the second amended

petition on March 21, 2016.[2] The court dismissed Appellant's petition on May 27, 2016.

Appellant timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) statement of errors complained of on appeal. The court issued a statement adopting its order and opinion of May 27, 2016.

Herein, Appellant presents a single question for our review.

> Whether the [c]ourt erred in denying post-conviction relief where the failure of defense counsel to correct the miscalculation of the standard range sentencing guideline resulted in a less attractive plea offer from the Commonwealth and a longer prison sentence, and Appellant was prejudiced thereby?

Appellant's Brief at 4.

We review an order denying a petition under the PCRA to determine whether the findings of the PCRA court are supported by the evidence of record and free of legal error. *Commonwealth v. Ragan*, 923 A.2d 1169, 1170 (Pa. 2007). We afford the court's findings deference unless there is no support for them in the certified record. *Commonwealth v. Brown*, 48 A.3d 1275, 1277 (Pa. Super. 2012) (citing *Commonwealth v. Anderson*, 995 A.2d 1184, 1189 (Pa. Super. 2010)).

Appellant argues that counsel was ineffective for allegedly failing to correct the miscalculation of Appellant's prior record score, which he claims

---

[2] The PCRA court's May 27, 2016 opinion and order indicates the notes of testimony at the PCRA hearing were not transcribed. Its 1925(a) statement references notes of testimony. Notes of testimony of the March 21, 2016 PCRA hearing do not appear in the certified record.

resulted in a less-attractive plea offer and a longer prison sentence. *See* Appellant's Brief at 4.

We presume counsel is effective. *Commonwealth v. Washington*, 927 A.2d 586, 594 (Pa. 2007). To overcome this presumption and establish the ineffective assistance of counsel, a PCRA petitioner must prove, by a preponderance of the evidence that: "(1) the underlying legal issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice befell the petitioner from counsel's act or omission." *Commonwealth v. Johnson*, 966 A.2d 523, 533 (Pa. 2009) (citations omitted). "A petitioner establishes prejudice when he demonstrates that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* A claim will be denied if the petitioner fails to meet any one of these requirements. *Commonwealth v. Springer*, 961 A.2d 1262, 1267 (Pa. Super. 2008) (citing *Commonwealth v. Natividad*, 938 A.2d 310, 322 (Pa. 2007)); *Commonwealth v. Jones*, 942 A.2d 903, 906 (Pa. Super. 2008).

We review allegations of counsel's ineffectiveness in connection with a guilty plea as follows:

> The standard for post-sentence withdrawal of guilty pleas dovetails with the arguable merit/prejudice requirements for relief based on a claim of ineffective assistance of counsel under which the defendant must show that counsel's deficient stewardship resulted in a manifest injustice, for example, by facilitating entry of an unknowing, involuntary, or unintelligent plea. Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the

ineffectiveness caused appellant to enter an involuntary or unknowing plea.

The standard is equivalent to the "manifest injustice" standard applicable to all post-sentence motions to withdraw a guilty plea.

*Commonwealth v. Morrison*, 878 A.2d 102, 105 (Pa. Super. 2005) (internal citations and some quotations omitted). Where a defendant enters a plea on the advice of counsel, the voluntariness of the plea depends on whether the advice was within the range of competence demanded of attorneys in criminal cases. *Commonwealth v. Timchak*, 69 A.3d 765, 769 (Pa. Super. 2013). In determining whether a plea was entered knowingly and voluntarily, this Court considers the totality of the circumstances surrounding the plea. *Commonwealth v. Flanagan*, 854 A.2d 489, 513 (Pa. 2004).

The record reflects that Appellant knowingly and voluntarily entered into an open guilty plea. He signed a guilty plea colloquy, indicating that he was aware of the charges, the maximum sentence for the offense, and the circumstances surrounding the charges. N. T., 12/1/14, at 2-38; *see also* Written Guilty Plea Colloquy, 12/1/14, at 1-7. He admitted to committing the crimes and acknowledged that plea counsel adequately explained the charges to him. *Id.* He understood the rights he was foregoing with his plea and stated that no one had coerced him into pleading guilty. *Id.*; *see also Commonwealth v. Tareila*, 895 A.2d 1266, 1267 (Pa. Super. 2006) (stating that "[t]he entry of a guilty plea constitutes a waiver of all defects

and defenses except lack of jurisdiction, invalidity of the plea, and illegality of the sentence.").

Here, Appellant does not challenge the legality of the sentence or the validity of the plea, but essentially, the discretionary aspects of his sentence. He speculates that had his prior record score been properly calculated prior to the plea hearing, the Commonwealth would have offered him a more attractive deal. However, such a claim is not cognizable under the PCRA. *See Tareila*, 895 A.2d at 1267.[3]

Accordingly, we discern no error in the PCRA court's decision to dismiss Appellant's petition. *Ragan*, 923 A.2d at 1170. His claim is without merit, and he is not entitled to relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/20/2017

---

[3] Further, the incorrect prior record score was corrected prior to sentencing. *See* N. T., 2/26/15, at 6-7. New guidelines in conformity with that prior record score were read onto the record at that time. *Id.* at 6-8. Accordingly, as Appellant entered into an open guilty plea and his sentencing guidelines were correct at the time of sentencing, he cannot show prejudice. *See Johnson*, 966 A.2d at 533.