J-S01035-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| MATTHEW RUSSELL SMITH, | : | |
| | : | |
| Appellant | : | No. 428 MDA 2016 |

Appeal from the Judgment of Sentence February 18, 2016
in the Court of Common Pleas of Lycoming County,
Criminal Division, No(s):  CP-41-CR-0000905-2015

BEFORE:  GANTMAN, P.J., DUBOW and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:           **FILED MARCH 28, 2017**

Matthew Russell Smith ("Smith") appeals from the judgment of sentence imposed following his guilty plea to possession of drug paraphernalia.  *See* 35 P.S. § 780-116(a)(32).  We affirm.

On May 16, 2015, acting on a tip from a confidential informant, parole officers conducted a search of Smith's residence.  The officers discovered a plastic container containing seventy-three zip-lock bags, nineteen of which contained marijuana, as well as twenty-two dollars.  Smith was arrested and charged with possession with intent to deliver marijuana.

Smith waived his preliminary hearing and arraignment, and a guilty plea hearing was scheduled for July 31, 2015.  However, on July 30, 2015, Smith, no longer wanting to plead guilty, requested that his case be scheduled for a status conference.  On November 4, 2015, Smith filed a Motion to Suppress Evidence, arguing that the officers did not have

reasonable suspicion to search his room. The trial court denied the Motion to Suppress as untimely filed.

On February 16, 2016, Smith entered a guilty plea to an amended charge of possession of drug paraphernalia. The trial court sentenced Smith to 30 days to one year in prison.[1] Smith filed a Post-Trial Motion, arguing that the trial court should have held a hearing on his Motion to Suppress. The trial court denied the Post-Trial Motion. Thereafter, Smith filed a timely Notice of Appeal.

On appeal, Smith raises the following question for our review: "Whether the [trial] court erred, abused its discretion[,] as well as denied [Smith] his constitutional rights by [denying] [his] Motion [to Suppress] as untimely?" Brief for Appellant at 4 (capitalization omitted).

Smith contends that his Motion to Suppress should have been heard by the trial court in the interest of justice, as the opportunity to file it did not previously exist. *Id.* at 8-10. Smith alleges that the Commonwealth did not provide him or his counsel with copies of the documents necessary to support his Motion. *Id.* at 8-9. Smith points out that his constant transfers within the prison system made it difficult for him to meet with counsel and review the documents. *Id.* at 8. Finally, Smith argues that his constitutional rights were violated when officers conducted an illegal

_____

[1] Based on Smith's conviction and various technical probation violations, the trial court also revoked Smith's probation and imposed a prison term of one to three years. Smith's sentence for possession of drug paraphernalia was imposed consecutively to the probation revocation sentence.

warrantless search of his room based solely upon an anonymous tip. *Id.* at 10.

Here, Smith entered a guilty plea to possession of drug paraphernalia. By entering a voluntary guilty plea,[2] Smith agreed to forego the right to file any pretrial motions and defenses. *See* Written Guilty Plea Colloquy, 2/16/16, at 3 (wherein Smith acknowledged that by pleading guilty, he was waiving his right to file pretrial motions or appeal any adverse decisions on

---

[2] It is well-settled that "[a] defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing. Failure to employ either measure results in waiver." *Commonwealth v. Lincoln*, 72 A.3d 606, 609-10 (Pa. Super. 2013) (citations omitted); *see also* Pa.R.Crim.P. 1007 (stating that any objections related to the validity of a plea agreement must be raised in a post-sentence motion). Here, while Smith filed a timely Post-Trial Motion, he failed to raise any issue regarding the guilty plea. Thus, any claim regarding the voluntariness of Smith's guilty plea is waived. *See Lincoln*, 72 A.3d at 611. Nevertheless, at his plea colloquy, Smith stated that he understood the English language, and that he was not under the influence of alcohol or drugs; that he understood the charges against him, and admitted to the facts that led to those charges; that by pleading guilty, he was foregoing certain rights, including, *inter alia*, the presumption of innocence and the right to a jury trial; that he was pleading guilty of his own free will, and that no one forced him to plead guilty; that he was satisfied with his counsel's representation; that the judge was not bound by the plea agreement; and that he understood the ranges of sentence for the conviction. *See* Written Guilty Plea Colloquy, 2/16/16, at 2-6; *see also Commonwealth v. Bedell*, 954 A.2d 1209, 1212 (Pa. Super. 2008) (noting that a valid guilty plea must be knowingly and voluntarily entered and that trial courts are required to ask certain questions to ensure a voluntary plea). Thus, our review confirms that Smith knowingly and voluntarily entered his plea. *See, e.g., Commonwealth v. Yeomans*, 24 A.3d 1044, 1047 (Pa. Super. 2011) (stating that a person who elects to plead guilty is bound by the statements he made during the plea colloquy); *Commonwealth v. Muhammad*, 794 A.2d 378, 384 (Pa. Super. 2002) (stating that appellant cannot claim that he involuntarily entered a guilty plea where he stated that no one threatened him to plead guilty).

such motions); *id.* at 5 (wherein Smith indicated that he understood that, by pleading guilty, he waived his right to raise claims regarding any illegal actions related to his apprehension and arrest); *see also Commonwealth v. Jones*, 929 A.2d 205, 212 (Pa. 2007) (noting that all claims of procedural deficiencies and all non-jurisdictional defects and defenses are waived by tendering a voluntary guilty plea). Further, in pleading guilty, Smith acknowledged that he waived all claims except for the validity of the plea, the jurisdiction of the court accepting his plea, and the legality of the sentence. *See* Written Guilty Plea Colloquy, 2/16/16, at 5; *see also Commonwealth v. Tareila*, 895 A.2d 1266, 1267 (Pa. Super. 2006) (stating that "[t]he entry of a guilty plea constitutes a waiver of all defects and defenses except lack of jurisdiction, invalidity of the plea, and illegality of the sentence."). Thus, because Smith voluntarily and knowingly pled guilty, his claim regarding the Motion to Suppress does not entitle him to relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/28/2017