J-S11002-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JESSE LEE KEEL, III | : | |
| | : | |
| Appellant | : | No. 957 EDA 2016 |
| | : | |

Appeal from the Judgment of Sentence February 16, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0011256-2015

BEFORE:  OTT, J., STABILE, J., and MUSMANNO, J.

MEMORANDUM BY OTT, J.:                    **FILED MAY 31, 2018**

Jesse Lee Keel, III, appeals from the judgment of sentence imposed February 16, 2016, in the Philadelphia County Common Pleas.  Keel was sentenced to a term of eight to 23 months' imprisonment, followed by two years' probation, after he entered a guilty plea to the charges of aggravated assault and possessing an instrument of crime ("PIC").[1]  On appeal, Keel contends his plea was entered unknowingly and involuntarily.  For the reasons below, we affirm.

The facts underlying Keel's guilty plea are summarized by the trial court as follows:

> On July 19, 2015, the complainant was inside a home with [Keel], her boyfriend at the time.  The complainant wanted to

---

[1] *See* 18 Pa.C.S. §§ 2702(a)(4) and 907, respectively.

leave but [Keel] did not want her to go and when she got up to leave, [Keel] swung a stick-knife at her, striking her on her forearm and said, "You're not going anywhere." The complainant then left and hid in a Dunkin['] Donuts.

When the complainant decided to walk to the L train, [Keel] came after her and [the] complainant asked an attendant to call 911. At that time, [Keel] raised his cane to strike the complainant, when a witness, grabbed the cane and stated, "You're not going to hit her." At that time[, Keel] began to punch this witness saying, "This is my woman, and I can put my hands on her if I want." The witness and [Keel] continued to fight for a few minutes and [Keel] left.

About fifteen (15) minutes later[, Keel] returned to the L platform and pointed a gun at both the complainant and the witness yelling, "Motherfucker, that's my girl. I'm going to blow your head off." The witness then grabbed [Keel] and they fell to the ground and [the] complainant grabbed the gun. When police arrived[,] the gun was determined to be a BB gun.

Trial Court Opinion, 9/27/2017, at 3.

Keel was subsequently arrested and charged in two separate dockets. At Docket No. 11256-2015, he was charged with aggravated assault, simple assault, recklessly endangering another person ("REAP"), PIC, harassment and terroristic threats[2] for his attack on the complainant, his ex-girlfriend. At Docket No. 11257-2015, he was charged with simple assault, REAP, and PIC[3] for his attack on the witness. On February 16, 2016, Keel entered a guilty plea in both cases: (1) at Docket No. 11256-2015, he pled guilty to one count each of aggravated assault and PIC, and (2) at Docket No. 11257-2015, he

_____

[2] **See** 18 Pa.C.S. §§ 2702(a)(1) and (4), 2701(a)(1)-(3), 2705, 907, 2709(a)(1), and 2701(a)(1), respectively.

[3] **See** 18 Pa.C.S. §§ 2701(a)(1)-(3), 2705, and 907, respectively.

pled guilty to one count of simple assault. The trial court sentenced Keel that same day to an aggregate term of eight to 23 months' imprisonment followed by two years' probation at both dockets, and ordered the sentences at each docket to run concurrently. Thereafter, on March 11, 2016, while still represented by counsel, Keel filed two *pro se* documents at Docket No. 11256-2015, namely, a motion with withdraw his guilty plea and a notice of appeal. Although both filings were docketed in the trial court, the docket includes the notation "Receipt of Filing from Represented Defendant Not Signed by Attorney." **See** Docket No. 11256-2015, Entries for 3/11/2016. Keel subsequently filed another notice of appeal on March 18, 2016.[4] On April 29, 2016, the trial court directed Keel to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), however, counsel did not comply with the directive.

In the meantime, Keel continued to bombard the trial court with *pro se* motions for relief. On June 1, 2016, the trial court relieved plea counsel, and appointed David W. Barrish, Esq., to represent Keel. However, on August 27, 2016, Counsel filed a petition seeking to withdraw, due to a breakdown in the

_____

[4] We find the *pro se* notice of appeal filed on March 11, 2016, was timely, and preserved Keel's direct appeal rights. Although this Court generally will not accept *pro se* filings from a defendant who is represented by counsel, we have carved out an exception to this rule for *pro se* notices of appeal: "[T]his Court is required to docket a *pro se* notice of appeal despite Appellant being represented by counsel[.]" **Commonwealth v. Williams**, 151 A.3d 621, 624 (Pa. Super. 2016). Therefore, in the present case, we find Keel's appeal was timely filed on March 11, 2016. We note Keel did not appeal the judgment of sentence imposed at Docket No. 11257-2016.

attorney-client relationship. *See* Petition to Withdraw, 8/27/2016. Although the trial court issued another Rule 1925(b) order on August 30, 2016, counsel did not file a concise statement. Rather, on October 4, 2016, the trial court permitted counsel to withdraw, and appointed Keel's present attorney, Michael P. Marryshow, Esq., to represent him.

The trial court filed an opinion on November 3, 2016, in which it concluded Keel failed to preserve any issues for appeal because he did not comply with the court's order directing him to file a Rule 1925(b) concise statement. *See* Trial Court Opinion, 11/3/2016, at 4. Thereafter, on February 1, 2017, counsel filed, in this Court, an application for remand, requesting we remand the case to the trial court so that it could direct him to file a concise statement, since he was never ordered to do so after his appointment. This Court entered an order on February 27, 2017, granting counsel's request. Upon remand, counsel filed a timely concise statement on March 15, 2017.

The sole issue raised on appeal is a challenge to the voluntariness of Keel's guilty plea. Specifically, Keel insists the trial court "induced him into pleading guilty where [he] repeatedly denied and disputed the facts read into the record by the prosecutor." Keel's Brief at 11. Keel further argues the court threatened to "spin the case out for trial" unless he agreed to the facts as stated. *Id.* at 14. Although he repeatedly denied any wrongdoing, Keel contends his trial counsel believed it was in his best interest to enter a guilty plea. *See id.* at 15. He maintains, "[i]t was not the judge's decision nor was it [] counsel's decision as to whether [Keel] should plead guilty to the

- 4 -

charges." ***Id.*** Accordingly, Keel argues he should be permitted to withdraw his plea.

Preliminarily, we note:

> A defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing. Pa.R.Crim.P. 720(A)(1), (B)(1)(a)(i). Failure to employ either measure results in waiver. ***Commonwealth v. Tareila***, 895 A.2d 1266, 1270 n. 3 (Pa.Super.2006).

***Commonwealth v. Lincoln***, 72 A.3d 606, 609–610 (Pa. Super. 2013), *appeal denied*, 87 A.3d 319 (Pa. 2014). Here, Keel did not challenge the voluntariness of his plea during the plea colloquy. However, he did file an untimely *pro se* motion to withdraw his plea on March 11, 2016, the same day he also filed a notice of appeal. That motion did not preserve his claim for two reasons.

First, a defendant is not entitled to hybrid representation; therefore, Keel could not file a *pro se* post-sentence motion when he was represented by counsel. ***See Commonwealth v. Nischan***, 928 A.2d 349, 355 (Pa. Super. 2007), *appeal denied*, 936 A.2d 40 (Pa. 2007). "This means that [Keel's] *pro se* post-sentence motion was a nullity, having no legal effect." ***Id.*** (citation omitted). Second, Keel filed a *pro se* notice of appeal the same day he filed the untimely motion to withdraw his plea. Once a notice of appeal is filed, a trial court has no jurisdiction to proceed further in the action. ***See*** Pa.R.A.P. 1701(a). Accordingly, Keel divested the trial court of jurisdiction to rule on the untimely motion as soon as he filed a notice of appeal. Furthermore,

present counsel did not request permission to file a post-sentence motion *nunc pro tunc* to preserve Keel's issue on appeal. Therefore, Keel has failed to properly preserve this claim for our review.[5]

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/31/18

---

[5] We note Keel also contends the trial court failed to advise him of "his right to file a motion to withdraw his guilty plea." Keel's Brief at 13. However, Keel did not preserve this claim in his Rule 1925(b) concise statement. ***See*** Statement of Matters Complained of on Appeal, 3/15/2017. Accordingly, it, too, is waived for our review. ***See*** Pa.R.A.P. 1924(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.").