J-S80009-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MICHAEL JONES, | |
| Appellant | No. 1129 EDA 2018 |

Appeal from the Judgment of Sentence Entered April 9, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0015762-2013

BEFORE:  BENDER, P.J.E., BOWES, J., and NICHOLS, J.

MEMORANDUM BY BENDER, P.J.E.:                **FILED MARCH 12, 2019**

Appellant, Michael Jones, appeals from the judgment of sentence of 42 to 84 months' incarceration, imposed after he pled guilty to robbery and possessing an instrument of crime.  On appeal, Appellant seeks to challenge the validity of his guilty plea, his competency to enter that plea, and the legality of his sentence.  Additionally, Appellant's counsel, Demetra P. Mehta, Esq., seeks to withdraw her representation of Appellant pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  After careful review, we affirm Appellant's judgment of sentence and grant counsel's petition to withdraw.

The facts underlying Appellant's conviction are not relevant to our disposition of his appeal.  The trial court summarized the procedural history of his case, as follows:

On January 8, 2015, [Appellant] pleaded guilty to robbery and possession of an instrument of crime. On April 9, 2015, the trial court sentenced [Appellant] to a fully mitigated sentence of 42 months to 84 months of incarceration followed by three years of probation.

On August 12, 2016. [Appellant] filed a timely petition pursuant to the Post Conviction Relief Act ("PCRA"). 42 Pa.C.S. § 9541, *et seq.*[] [C]ourt-appointed counsel subsequently filed an amended PCRA petition. The PCRA petitions claimed that trial counsel provided ineffective assistance of counsel because (1) counsel failed to file a post-trial motion and appeal as requested by [Appellant], and (2) counsel failed to object to the imposition of an illegal or unconstitutional mandatory sentence.

On April 6, 2018, the Commonwealth agreed to the entry of an order reinstating [Appellant's] right to a direct appeal. Thus, on April 18, 2018, [Appellant] filed this timely appeal.

Trial Court Opinion, 5/23/18, at 1.

The trial court ordered Appellant to file a Pa.R.A.P. 1925(b) statement and, in response, Attorney Mehta filed a Rule 1925(c)(4) statement of her intent to seek to withdraw. The trial court filed an opinion on May 23, 2018.

On August 28, 2018, Attorney Mehta filed with this Court a petition to withdraw from representing Appellant. That same day, counsel also filed an ***Anders*** brief, discussing the following issues Appellant seeks to raise on appeal:

1. Was [Appellant's] guilty plea valid?

2. Was [Appellant] competent to enter a plea?

3. Was [Appellant's] sentence legal?

***Anders*** Brief at 6. Attorney Mehta concludes that these issues are frivolous, and that Appellant has no other, non-frivolous claims he could pursue herein. Accordingly,

this Court must first pass upon counsel's petition to withdraw before reviewing the merits of the underlying issues presented by [the appellant]. **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*).

Prior to withdrawing as counsel on a direct appeal under **Anders,** counsel must file a brief that meets the requirements established by our Supreme Court in **Santiago**. The brief must:

(1) provide a summary of the procedural history and facts, with citations to the record;

(2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361. Counsel also must provide a copy of the **Anders** brief to his client. Attending the brief must be a letter that advises the client of his right to: "(1) retain new counsel to pursue the appeal; (2) proceed pro se on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the **Anders** brief." **Commonwealth v. Nischan**, 928 A.2d 349, 353 (Pa. Super. 2007), *appeal denied*, 594 Pa. 704, 936 A.2d 40 (2007).

**Commonwealth v. Orellana**, 86 A.3d 877, 879-80 (Pa. Super. 2014). After determining that counsel has satisfied these technical requirements of **Anders** and **Santiago**, this Court must then "conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel." **Commonwealth v. Flowers**, 113 A.3d 1246, 1250 (Pa. Super. 2015) (citations and footnote omitted).

- 3 -

In this case, Attorney Mehta's ***Anders*** brief complies with the above-stated requirements. Namely, she includes a summary of the relevant factual and procedural history, she refers to portions of the record that could arguably support Appellant's claim, and she sets forth her conclusion that Appellant's appeal is frivolous. She also explains her reasons for reaching that determination, and supports her rationale with citations to the record and pertinent legal authority. Attorney Mehta also states in her petition to withdraw that she has supplied Appellant with a copy of her ***Anders*** brief. Additionally, she attached a letter directed to Appellant to her petition to withdraw, in which she informed Appellant of the rights enumerated in ***Nischan***. Accordingly, counsel has complied with the technical requirements for withdrawal. We will now independently review the record to determine if Appellant's issues are frivolous, and to ascertain if there are any other, non-frivolous issues he could pursue on appeal.

Initially, we are constrained to conclude that Appellant's challenges to the validity of his guilty plea and his competency to enter the plea are waived, as he did not raise them before the court at the plea or sentencing hearings, and he did not file a pre- or post-sentence motion seeking to withdraw his plea on either of these bases. Additionally, while the PCRA court reinstated Appellant's right to appeal, it did not expressly grant him the right to file a

- 4 -

post-sentence motion, and such a right is not automatic.[1] ***See*** PCRA Court Order, 4/6/18, at 1 ("AND NOW, this 6th day of April, 2018, the Commonwealth agrees to the reinstatement of Appellate Rights. Appellate Rights are reinstated."); ***Commonwealth v. Liston***, 977 A.2d 1089, 1094 (Pa. 2009) (holding that a defendant who is granted the right to file a notice of appeal *nunc pro tunc* is not automatically granted the right to file post-sentence motions *nunc pro tunc*). In any case, even if we could loosely interpret the court's reinstatement of Appellant's right to appeal as encompassing the right to file a post-sentence motion, Attorney Mehta failed to file any such motion on Appellant's behalf. Thus, Appellant's challenges to the validity of his guilty plea and his competency to enter that plea are waived, as they were not raised before the trial court. ***See*** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."); ***Commonwealth v. Tareila***, 895 A.2d 1266, 1270 n.3 (Pa. Super. 2006) ("In order to preserve an issue related to the guilty plea, an appellant must either 'object[] at the sentence colloquy or otherwise rais[e] the issue at the sentencing hearing or through a post-sentence motion.'") (citation omitted).

Nevertheless, even had Appellant preserved his first two issues for our review, we would agree with Attorney Mehta that they are frivolous. First,

---

[1] We observe that Appellant's amended PCRA petition, filed by Attorney Mehta, did not request the reinstatement of Appellant's post-sentence motion rights, but only his right to file an appeal. ***See*** Amended Petition, 9/27/17, at 2 (unnumbered).

nothing in the record suggests that Appellant's plea was involuntary, unknowing, or unintelligent. The court's oral plea colloquy comported with Pa.R.Crim.P. 590 in all but one regard — the court failed to ask Appellant if he understood that the court was not bound by the terms of the plea agreement unless the plea was accepted by the court. However, as Attorney Mehta points out, the written colloquy completed by Appellant provided him with that information. *See* Written Plea Colloquy, 1/8/15, at 1. Accordingly, we would deem frivolous Appellant's challenge to the validity of his plea, had he preserved that claim for our review.

Likewise, we also would consider frivolous Appellant's argument that he was incompetent to enter his guilty plea. "Competence to plead guilty requires a finding that the defendant comprehends the crime for which he stands accused, is able to cooperate with his counsel in forming a rational defense, and has a rational and factual understanding of the proceedings against him." *Commonwealth v. Willis*, 68 A.3d 997, 1002 (Pa. Super. 2013) (citation omitted). Additionally, "[i]n order to establish incompetence, an appellant has the burden of proving that he was either unable to understand the nature of the proceedings against him or to participate in his own defense." *In re R.D.*, 44 A.3d 657, 665 (Pa. Super. 2012) (citation omitted).

Nothing in the record indicates that Appellant did not understand his decision to plead guilty and the ramifications thereof, or that he was unable to participate in his own defense. While Appellant stated that he had been, or was currently being, treated for mental illness, he confirmed that his diagnosis

and/or treatment did not impact his ability to understand what was happening at the plea proceeding.  *See* N.T. Plea Hearing, 1/8/15, at 4.  Consequently, we would conclude that Appellant did not prove that he was incompetent to enter the guilty plea, had he preserved this argument for our review.

In Appellant's third and final issue, he challenges the legality of his sentence, contending that the court's imposition of the deadly weapon enhancement (DWE) violates *Alleyne v. United States*, 570 U.S. 99, 106 (2013) (holding that "facts that increase mandatory minimum sentences must be submitted to the jury" and found beyond a reasonable doubt).  In rejecting this argument, the trial court reasoned:

> [A]s to the [DWE], the trial court may impose an enhanced sentence if it determines that [Appellant] used a deadly weapon in a way that threatened or injured another individual during the commission of the offense of which the defendant is currently convicted.  204 Pa. Code § 303.10(a)(2).  "Deadly weapon" includes any: (1) firearm as defined in 42 Pa.C.S.[] § 9712; (2) dangerous weapon as defined in 18 Pa.C.S. § 913; or (3) device or instrumentality capable of producing death or serious bodily injury.  *Id.*

> Here, the trial court properly applied the [DWE] because it determined that [Appellant's] use of a knife during the robbery was a "device or instrumentality capable of producing death or serious bodily injury." 204 Pa. Code § 303.10(a)(2).  As such, the trial court's determination that the [DWE] applied was not an abuse of its discretion.  Nor was the imposition of the [DWE] in violation of *Alleyne* and its progeny because it did not result in a mandatory minimum sentence.  *See Commonwealth v. Shull*, 148 A.3d 820, 830 n.6 (Pa. Super. [] 2016) (holding that the "imposition of the deadly weapon sentencing enhancement does not implicate the Supreme Court of the United States' holdings in *Alleyne* … or *Apprendi v. New Jersey*, [530 U.S. 466 … (2000)]").

TCO at 3-4.

We agree with the trial court's reasoning and discern no illegality in the court's applying the DWE in fashioning Appellant's sentence. ***See also Commonwealth v. Buterbaugh***, 91 A.3d 1247, 1270 n.10 (Pa. Super. 2014), *appeal denied* 104 A.3d 1 (Pa. 2014) (holding that application of the DWE does not violate ***Alleyne*** or ***Apprendi*** because it only requires the court to raise the standard guideline range and the court retains the discretion to sentence outside that range). Accordingly, Appellant's sentencing issue is frivolous.

In sum, for the reasons stated *supra*, the three issues Appellant seeks to assert on appeal are either waived and/or frivolous. Additionally, our independent review of the record reveals no other, non-frivolous claims that he could present herein. Therefore, we affirm his judgment of sentence and grant Attorney Mehta's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/12/19